■ In the Matter of RICHARD W., a Person Alleged to be a Juvenile Delinquent, Appellant. FRANCIS T. MURRAY, as Ulster County Attorney, Respondent. [641 NYS2d 164] —White, J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered March 2, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to find respondent in violation of an order of probation, and placed him in the custody of the Ulster County Department of Social Services for a period of one year.

Respondent (then age 15) admitted stealing a bicycle valued at $100, an act which would constitute petit larceny if committed by an adult. He was adjudicated a juvenile delinquent and sentenced on September 27, 1994 to a one-year term of probation. On October 24, 1994, respondent was charged with violating the terms of his probation on the grounds, *inter alia*, that he had been absent without leave from school on 15 occasions, had violated curfew restrictions on three occasions and had failed to attend 10 scheduled therapy sessions. Respondent admitted violating his probation at the fact-finding hearing held before Family Court on November 22, 1994. The matter was adjourned for a dispositional hearing on January 24, 1995; however, the hearing was not conducted until February 28, 1995. At that time, Family Court revoked respondent's probation and directed that he be remanded to the custody of the Department of Social Services for a period of up to one year.

Respondent appeals, contending that the petition charging

him with violation of probation should have been dismissed on the ground that Family Court failed to conduct a timely dispositional hearing.* Having failed to raise this issue before Family Court, it has not been preserved for review (*see, Capitaland United Soccer Club v Capital Dist. Sports & Entertainment*, 199 AD2d 626, 629; *Matter of Harry J.*, 191 AD2d 1016, 1017; *Matter of Miriam MM.*, 165 AD2d 934). In any event, we note that an untimely dispositional hearing in a juvenile delinquency proceeding does not result in an automatic dismissal of the petition (*see, Matter of Jose R.*, 83 NY2d 388, 395).

Inasmuch as respondent has not shown that the petition would have been dismissed had his Law Guardian made the appropriate motion, we reject his claim of ineffective assistance of counsel (*see, People v Flores*, 84 NY2d 184, 187; *Matter of Kazmi v Kazmi*, 201 AD2d 857, 859).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Respondent predicates his argument upon Family Court Act § 749 (b). However, since this is a juvenile delinquency proceeding, the applicable statute is Family Court Act § 350.1 (2).