■ CAPITALAND UNITED SOCCER CLUB, INC., et al., Plaintiffs, v CAPITAL DISTRICT SPORTS & ENTERTAINMENT, INC. et al., Respondents, and AMERICAN INDOOR SOCCER ASSOCIATION, INC., Doing Business as NATIONAL PROFESSIONAL SOCCER LEAGUE, et al., Appellants. [656 NYS2d 465] —Mikoll, J. Appeal from an order of the Supreme Court (Kahn, J.), entered August 5, 1996 in Albany County, which, *inter alia*, denied a motion by defendants American Indoor Soccer Association, Inc. and Steve Paxos for summary judgment dismissing the cross claims against them.

In 1990 plaintiff Capitaland United Soccer Club, Inc. (hereinafter CUSC) obtained a soccer franchise from defendant American Indoor Soccer Association, Inc. (hereinafter AISA), an Ohio corporation and owner and operator of the National Professional Soccer League (hereinafter NPSL) which has teams in cities throughout the Nation. The franchise entitled CUSC to enter its team, the New York Kicks, in the NPSL. Pursuant to the franchise agreement, CUSC acquired 20 shares of common voting stock in AISA, acknowledged and accepted AISA's bylaws and issued a $100,000 irrevocable letter of credit as security for its compliance with the AISA bylaws and regulations (*see, Capitaland United Soccer Club v Capital Dist. Sports & Entertainment*, 199 AD2d 626).

CUSC encountered financial difficulties in its operations and in February 1991, with the approval of AISA, transferred ownership of the team and its assets to defendant Joseph J. O'Hara, president of defendant Capital District Sports & Entertainment, Inc. (hereinafter collectively referred to as CDS&E). Although AISA's books indicate that the stock in AISA was registered to CDS&E, CDS&E maintains that it never received transfer of the stock certificates and was not a shareholder in AISA. CDS&E operated the New York Kicks for the remainder of 1990-1991 season. However, by September 1991 CDS&E violated the purchase agreement by failing to produce a substitute letter of credit and defaulted on two promissory notes. CDS&E also gave public notice that it would not participate in the 1991-1992 season. AISA then considered CDS&E's actions a breach of the franchise agreement and bylaws and sought forfeiture of CUSC's original letters of credit.

CUSC then commenced the instant action charging CDS&E with nonpayment of the notes and failure to substitute the letter of credit (*see, Capitaland United Soccer Club v Capital Dist. Sports & Entertainment, supra*, at 627). CUSC also joined AISA and its president, defendant Steve Paxos, as defendants, seeking, *inter alia*, to enjoin AISA and Paxos (hereinafter collectively referred to as defendants) from executing on the letter of credit.

CDS&E interposed cross claims against defendants, the first two sounding in fraud and negligence based on Paxos' failure to disclose that franchisees were shareholders in AISA, the third seeking injunctive relief based on violations of the Sherman Antitrust Act (15 USC § 1 *et seq.*) and the fourth seeking an injunction barring AISA from enforcing any of its bylaws, rules or regulations against it because it was not a shareholder and therefore not bound thereby. Defendants moved for summary judgment dismissing the claims and cross claims. Supreme Court dismissed the claims and cross claims of CUSC but denied the motion as to plaintiffs and CDS&E's cross claims against defendants for fraud and negligence, but affirmed the order denying dismissal of the cross claims asserting Federal antitrust violations and seeking injunctive relief.

On October 11, 1995, Supreme Court granted an order permitting CDS&E to assert a fifth claim alleging violations of General Business Law § 340 (the Donnelly Act), the New York antitrust statute.

In April 1996, Supreme Court granted plaintiffs' motion to discontinue their action and to dismiss all claims against them.

Some discovery had been conducted in 1993 on the original cross claims, but CDS&E made new demands in May 1996. Prior to responding to the new demands, defendants moved for summary judgment dismissing CDS&E's cross claims. CDS&E opposed the motion and cross-moved, in the alternative, for an order lifting the CPLR 3214 stay of disclosure demands and for an immediate trial. Supreme Court denied defendants' motion and CDS&E's cross motion, ruling that the outstanding demand for discovery precluded a grant of summary judgment. Defendants appeal.

Defendants' argument that summary judgment was improperly granted because CDS&E's cross claims alleging violation of Federal and State antitrust laws do not state a cause of action as a matter of law, in that CDS&E has not stated the basic elements of such a claim, and the claims are otherwise precluded by res judicata, collateral estoppel and unclean hands is without merit. In order to sufficiently state a violation of General Business Law § 340, a party must allege a conspiracy or a reciprocal relationship between two or more legal or economic entities, identify the relevant market affected, describe the nature and effect of the alleged conspiracy and the manner in which the economic impact of that conspiracy restrains trade in the market (see, Anand v Soni, 215 AD2d 420, 421; Creative Trading Co. v Larkin-Pluznick-Larkin, 148 AD2d 352, 353, revd on other grounds 75 NY2d 830).

CDS&E has met this burden. It has identified the existence of an alleged conspiracy or reciprocal relationship between AISA and its franchise members which affected all AISA teams. CDS&E described the nature and effect of the claimed conspiracy as follows: defendants maintained an unwritten policy disallowing individual franchises from contracting for the services of players from teams of other AISA franchises after expiration of their employment contracts, although individual players under contract were technically "free agents" for the upcoming season. CDS&E further claimed that it was understood and expected within the league that franchisees, including CDS&E, would not offer an employment contract to any "free agent" for the next soccer season in recognition of a right of the prior team to deal with such player without competition. CDS&E also alleged that O'Hara was advised after the purchase by Paxos and other franchisees that AISA imposed a "salary cap" restricting a team's total payroll for player contracts and that all franchises agreed to be bound by the "salary cap".

Contrary to defendants' argument that CDS&E's cross claim

failed to allege an injury to sustain an antitrust cause of action, we find that CDS&E's factual allegation sufficiently stated an injury to its competitive interest in its business by claiming that it would not have purchased the franchise if it had known of AISA's expectations to participate in the illegal conspiracy. Further, such injury can readily be inferred from the alleged limitation of CDS&E's ability to offer to pay higher player salaries to attract better players and to field a more competitive team resulting in better fan attendance and added revenues.

Defendants' contention that the cross claims asserting antitrust violations are precluded by the doctrines of res judicata and collateral estoppel fails because the record on appeal does not provide sufficient information concerning the Ohio litigation to permit a determination that the issue of antitrust violations was actually litigated in the Ohio court.

Additionally, summary judgment in favor of defendants was properly denied as they failed to establish their cause of action by providing evidentiary proof in admissible form sufficient to permit a court to direct judgment in their favor as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557, 562; see also, CPLR 3212 [b]). Paxos' affidavit lacked factual detail and amounts to no more than a general denial.

Even if defendants' motion papers were sufficient to entitle them to judgment as a matter of law, however, their motion was still properly denied as premature as further discovery was yet to be conducted and the facts could not now be stated because they are in the moving party's exclusive knowledge or control (see, Zuckerman v City of New York, supra, at 562; Trustco Bank v Higgins, 191 AD2d 788, 789; see also, CPLR 3212 [f]).

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.