■ In the Matter of JAMEL A., a Person Alleged to be a Juvenile Delinquent, Appellant. [797 NYS2d 561]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Richmond County (Porzio, J.), dated February 26, 2004, which, upon revoking an order of the same court dated August 18, 2003, adjourning the proceeding in contemplation of dismissal, upon the appellant's admission that he had violated conditions thereof, and after a dispositional hearing, inter alia, placed him with the Office of Children and Family Services for a period of 12 months.

Ordered that the appeal from so much of the order dated February 26, 2004, as placed the appellant with the Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

On December 4, 2002, the appellant along with several accomplices surrounded the complainant and repeatedly punched and kicked him. Thereafter, the appellant made an admission to attempted assault in the third degree in full satisfaction of the charges contained in the petition in consideration for the presentment agency's promise that it would not oppose an adjournment in contemplation of dismissal (hereinafter ACD) in the eventuality of a positive probation report. Subsequently, the appellant failed to regularly attend school, tested positive for marijuana, and was charged with witness tampering and robbery in the second degree. Upon the appellant's admission that he violated conditions of the ACD and after a dispositional hearing, the Family Court placed the appellant with the Office of Children and Family Services for a period of 12 months.

On appeal, the appellant contends, inter alia, that his due process rights were violated because the Family Court failed to inform him of his right to a fact-finding hearing prior to his admission that he committed acts, which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, and that his allocution to violating the terms of the ACD was improperly obtained since he was not informed of his right to remain silent.

Contrary to the appellant's contention, the Family Court did not violate his procedural due process rights. The Family Court complied with Family Court Act § 321.3 (1) by advising the appellant that by making an admission he was waiving his right to a fact-finding hearing, and it also ascertained that the appellant was aware of the possible specific dispositional orders (*see Matter of Tabitha LL.*, 87 NY2d 1009, 1010-1011 [1996]).

The appellant's contention that the Family Court violated his procedural due process rights since his admission to violating the terms of the ACD was obtained without the court informing him of his right to remain silent is without merit, since neither the Family Court Act nor the requirements of procedural due process impose such a restriction upon the discretion of the Family Court to vacate an ACD order (*see Matter of Edwin L.*, 88 NY2d 593, 597 [1996]).

The fact that the Family Court did not inform the appellant of his right to remain silent is of no consequence since the "form and extent of the inquiry necessary to determine the existence of a legitimate basis for vacating an ACD order will vary according to the particular circumstances of each case, and lie within the discretion of the Family Court" (*Matter of Edwin L., supra* at 603). While "a more detailed inquiry will be required where a juvenile denies the factual basis of an alleged violation" (*Matter of Edwin L., supra* at 603), there was no need for a hearing in this case, since the appellant admitted to violating a condition of the ACD order by acknowledging that he did not attend school regularly.

Aside from the defendant's contentions concerning his placement, which have been rendered academic, the appellant's remaining contentions are unpreserved for appellate review, and in any event, are without merit. Adams, J.P., Krausman, Rivera and Fisher, JJ., concur.