■ In the Matter of NICHOLAS JJ., Alleged to be a Juvenile Delinquent. JONATHAN WOOD, as Tompkins County Attorney, Respondent; NICHOLAS JJ., Appellant. [873 NYS2d 784]—

Mercure, J.P. Appeals (1) from an order of the Family Court of Tompkins County (Sherman, J.), entered April 21, 2008, which, in a proceeding pursuant to Family Ct Act article 3, denied respondent's motion to vacate an order restoring the matter to the calendar, and (2) from an order of said court, entered June 4, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

Petitioner commenced this juvenile delinquency proceeding in 2007. After respondent admitted to one count of the petition, Family Court ordered an adjournment in contemplation of dismissal (hereinafter ACD). One of the terms of the ACD required respondent to "[a]bstain from disruptive behavior in the home and in the community" through May 2008. In February 2008, petitioner moved to restore the matter to Family Court's calendar, alleging among other things that respondent's ongoing insubordinate behavior at school had violated that term. Family Court restored the matter and respondent appeals from the denial of his oral application to vacate the order of restoration. Family Court then adjudicated respondent a juvenile delinquent and placed him on probation for one year. Respondent appeals from that order as well. His appeals were consolidated by order of this Court.

We affirm. Turning first to respondent's unsuccessful motion to vacate, Family Court was authorized to restore the matter to the calendar upon petitioner's motion (*see* Family Ct Act § 315.3 [1]). Respondent concedes that he had problems in school. As such, Family Court had "a legitimate basis for concluding that" respondent violated a term of the ACD and appropriately declined to vacate the order of restoration (*Matter of Edwin L.*, 88 NY2d 593, 603 [1996]; *see Matter of Jamel A.*, 19 AD3d 689, 691 [2005]).

While respondent also claims a violation of Family Ct Act § 735, he failed to raise this argument before Family Court and it is not preserved for our review (*see Matter of Richard W.*, 226 AD2d 941, 942 [1996], *lv denied* 88 NY2d 808 [1996]). As for

the disposition itself, respondent concedes that an extension of supervision was appropriate and, given his attempts to minimize his role in the events that led to the present proceeding and the evident need to monitor his school behavior, Family Court properly placed him on probation (*see Matter of Brooke II.*, 45 AD3d 1234, 1235 [2007]; *Matter of Jesse L.*, 37 AD3d 998, 999 [2007]; *Matter of Jessie GG.*, 190 AD2d 916, 916-917 [1993]).

Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the orders are affirmed, without costs.