Matter of Ernest S. C. (2021 NY Slip Op 04352)





Matter of Ernest S. C.


2021 NY Slip Op 04352


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2020-04728
 (Docket No. D-1113-18/19A)

[*1]In the Matter of Ernest S. C. (Anonymous), appellant.


Janet E. Sabel, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Jane L. Gordon and Deborah E. Wassel of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appellant appeals from an order of the Family Court, Richmond County (Alison M. Hamanjian, J.), dated October 30, 2019. The order, after a hearing, found that the appellant violated certain terms and conditions of probation imposed on him in an order of disposition of the same court (Helene D. Sacco, J.) dated June 18, 2018, vacated that order of disposition, and placed him on probation for a period of 12 months.
ORDERED that the appeal from so much of the order dated October 30, 2019, as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of probation has expired; and it is further,
ORDERED that the order dated October 30, 2019, is affirmed insofar as reviewed, without costs or disbursements.
The 12-month period of probation imposed on the appellant pursuant to the order dated October 30, 2019, has expired. Thus, any challenge to the type and length of that probation has been rendered academic (see e.g. Matter of Jahiem J., 155 AD3d 1037, 1038). The appeal from so much of the order as found that the appellant violated certain terms and conditions of probation imposed in an order of disposition dated June 18, 2018 (hereinafter the June 2018 order of disposition), has not been rendered academic (see e.g. Matter of Jamel A., 19 AD3d 689, 691).
A finding that the terms and conditions of probation imposed by the Family Court pursuant to an order of disposition were violated must be supported by a fair preponderance of the evidence (see Matter of Leighton F., 108 AD3d 669, 670; Matter of Julies R., 250 AD2d 855, 856). Here, the Family Court's determination, after a hearing, that the appellant violated certain terms and conditions of probation imposed in the June 2018 order of disposition was supported by a preponderance of the evidence in the record (see Matter of Leighton F., 108 AD3d at 670).
The appellant's remaining contentions are without merit.
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court