■ In the Matter of Brian B., a Person Alleged to be a Juvenile Delinquent, Appellant. [598 NYS2d 30] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Lefkowitz, J.), dated August 28, 1990, which, upon a fact-finding order of the same court dated July 24, 1990, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of sexual abuse in the second degree and unlawful imprisonment in the second degree, adjudged him to be a juvenile delinquent, and imposed a conditional discharge for a period of one year. The appeal brings up for review the fact-finding order dated July 24, 1990.

Ordered that the order of disposition is affirmed, without costs or disbursements.

There is no merit to the appellant's contention that he, a 12-year-old male, cannot be adjudicated as a juvenile delinquent for his sexual abuse of a 13-year-old female. The evidence adduced at the fact-finding hearing established that the appellant, acting in concert with a 13-year-old corespondent *(see, Matter of Khaliek W.,* 193 AD2d 683 [decided herewith]), engaged in a forcible sexual assault upon a 13-year-old female, during which he subjected her to sexual contact. Accordingly, the evidence established beyond a reasonable doubt, that the appellant committed an act which, if committed by an adult, would constitute the crime of sexual abuse in the second degree (Penal Law § 130.60 [2]; Family Ct Act § 301.2 [1]). The appellant has failed to offer anything to substantiate his claim that the Penal Law's proscription of sexual contact subjected against victims under the age of 14 applies only to adult perpetrators. Penal Law § 130.60, when read in conjunction with Family Court Act article 3, proscribes a 12-year-old from subjecting a 13-year-old to unwanted and non-consensual sexual contact. The clear purpose of the law is to protect young victims from anyone who might perpetrate sexual abuse. The majority of the constitutional claims raised by the appellant were not advanced with specificity before the Family Court and thus are unpreserved for appellate review *(see, People v Balls,* 69 NY2d 641), and we decline to reach them in the exercise of our interest of justice jurisdiction.

We have reviewed the appellant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.