■ In the Matter of Khaliek W., a Person Alleged to be a Juvenile Delinquent, Appellant. [598 NYS2d 29] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Lefkowitz, J.) dated August 17, 1990, which, upon a fact-finding order of the same court, dated June 12, 1990, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted rape in the first degree, sexual abuse in the second degree and unlawful imprisonment in the second degree, adjudged him to be a juvenile delinquent, and placed him under the care and custody of the Westchester County Commissioner of Social Services for a period of 18 months, with the recommendation that he be placed at the LaSalle School, Albany, New York. The appeal brings up for review the fact-finding order dated June 12, 1990.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, we find that the evidence adduced at the fact-finding hearing, viewed in a light

most favorable to the presentment agency, established beyond a reasonable doubt that he and his co-respondent *(see, Matter of Brian B.,* 193 AD2d 675 [decided herewith]), acting in concert, engaged in a forcible sexual assault upon the 13-year-old complainant *(see, Matter of Aida S.,* 189 AD2d 818; *Matter of John G.,* 118 AD2d 646). Specifically, the evidence established that the appellant attempted to forcibly rape the complainant while his co-respondent forcibly restrained her by holding her hands as he fondled her breast. Moreover, the fact that the Family Court did not sustain the attempted rape charge as to the co-respondent does not render the court's finding repugnant as accomplice liability may be imposed notwithstanding the co-respondent's "acquittal" on the attempted rape charge *(see,* Penal Law § 20.05 [2]; *People v Gemmill,* 146 AD2d 951).

We have reviewed the appellant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.