■ The People of the State of New York, Respondent, v Jose Arias, Appellant. [664 NYS2d 522] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered May 31, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

Defendant failed to meet his burden of demonstrating that the statement of his codefendant was admissible as a declaration against penal interest, since the portion of the statement exculpating defendant was clearly not against the codefendant's penal interest and was otherwise unreliable (*People v Settles*, 46 NY2d 154, 167). Defendants' remaining arguments regarding this evidence are without merit.

Defendant's challenge to the court's charge regarding reasonable doubt is unpreserved and, in any event, without merit since the charge as a whole conveyed the proper standard (*see, People v Antommarchi*, 80 NY2d 247, 252).

We perceive no abuse of sentencing discretion. Concur—Milonas, J. P., Wallach, Williams, Tom and Mazzarelli, JJ.

■ In the Matter of Victor M., a Person Alleged to be a Juvenile Delinquent, Appellant. [663 NYS2d 34] —Order of disposition, Family Court, Bronx County (Marjory Fields, J.), entered on or about July 23, 1996, which adjudicated appellant a juvenile delinquent, following a fact-finding determination that he committed an act which, if committed by an adult, would constitute the crime of attempted assault in the second degree, and placed him with the Division for Youth for a period of up to 18 months, unanimously modified, on the law, to the extent of crediting appellant for the 35 days served in pre-disposition detention, and otherwise affirmed, without costs.

As the presentment agency concedes, the Family Court violated Family Court Act § 353.3 (5) by deleting that portion of the pre-printed order of disposition that automatically credited appellant with pre-placement detention time without making a record that such credit would not serve appellant's needs or best interests or, in the alternative, would not serve the needs and interests of the community (*Matter of Wayne S.*, 193 AD2d 371). Therefore, appellant is entitled to credit for time served in pre-disposition detention. Concur—Milonas, J. P., Wallach, Williams, Tom and Mazzarelli, JJ.