■ In the Matter of WINDELL YY., a Person Alleged to be a Juvenile Delinquent, Appellant. JONATHAN C. WOOL, as Assistant Franklin County Attorney, Respondent. [670 NYS2d 634] —Crew III, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered June 20, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

By petition dated April 4, 1997, petitioner charged respondent with committing an act which, if committed by an adult, would constitute the crime of aggravated harassment in the second degree. The charges stemmed from an incident wherein respondent telephoned a residence in Franklin County and used profanity in addressing the occupants. At the fact-finding hearing that followed, respondent admitted the allegations in full satisfaction of both the juvenile delinquency petition and a then-pending person in need of supervision petition filed pursuant to Family Court Act article 7. A dispositional hearing ensued, at the conclusion of which Family Court placed respondent with the Division for Youth in a limited secure placement for a period of one year. This appeal by respondent followed.

On appeal, respondent argues only that the placement ordered by Family Court was not "the least restrictive available alternative * * * consistent with [his] needs and best interests * * * and the need for protection of the community" (Family Ct Act § 352.2 [2] [a]). We cannot agree. As a starting point, respondent's assertion that Family Court failed to even consider less restrictive alternatives is belied by the record.

Turning to the merits, the record reveals that respondent previously was adjudicated a juvenile delinquent in June 1995 and that prior placements had proved unsuccessful. Respondent's grandmother was unable to control respondent's conduct while he was in her care, as evidenced by what Family Court fairly characterized as respondent's abysmal attendance record at school, and neither respondent's father, who lived in Arizona, nor respondent's mother, who was incarcerated at the time of these proceedings, was a viable placement option. Under these circumstances, we cannot say that Family Court abused its discretion in placing respondent with the Division for Youth (*see, Matter of Errol D.*, 241 AD2d 732, 733, *lv denied* 90 NY2d 810).

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.