■ In the Matter of LAMARR C., a Person Alleged to be a Juvenile Delinquent, Appellant. [711 NYS2d 729] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated February 23, 1999, which, upon a fact-finding order of the same court, dated November 12, 1998, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree and resisting arrest, adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated November 12, 1998.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the Family Court's factual findings were against the weight of the evidence because there were discrepancies in the testimony of the school safety officers, and because their testimony was inconsistent with that of the defense witness. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses (cf., People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (cf., People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the court's findings of fact were not against the weight of the credible evidence (see, Family Ct Act § 342.2 [2]). Joy, J. P., Friedmann, Krausman and H. Miller, JJ., concur.