■ In the Matter of Zachary A., a Child Alleged to be a Juvenile Delinquent, Appellant. Chenango County Attorney's Office, Respondent. (Proceeding No. 1.) [761 NYS2d 407] —Mugglin, J. Appeal from an amended order of the Family Court of Chenango County (Sullivan, J.), entered August 5, 2002, which granted petitioners' applications, in two proceedings pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent contends that petitioner in proceeding No. 1 failed to prove beyond a reasonable doubt that he committed acts which, if done by an adult, would constitute the crime of aggravated harassment in the second degree. Respondent also contends that petitioner in proceeding No. 2 failed to prove beyond a reasonable doubt that, as a person under 16, he unlawfully possessed a weapon.

With respect to the harassment charge, respondent contends that the e-mail he sent a female classmate, in light of their previous relationship, would not tend to annoy or alarm her. Both the classmate and her mother testified to the contrary. With respect to the weapon possession charge, respondent's neighbor testified that he witnessed respondent firing a pellet or BB gun in respondent's back yard. Both respondent and his

father denied that any such weapon had ever been in their household. They also attacked the neighbor's veracity by demonstrating the existence of an acrimonious relationship between the neighbor and respondent's family.

"It is well settled that Family Court, as the trier of fact, determines witness credibility and resolves disputed questions of fact and '[i]ts determination should be afforded the same weight given a jury verdict'" (*Matter of Manuel W.*, 279 AD2d 662, 662 [2001], quoting *Matter of Joseph A.*, 244 AD2d 724, 725 [1997], *lv denied* 91 NY2d 813 [1998]). According Family Court due deference with respect to its resolution of credibility issues, it is clear that petitioners satisfied the required quantum of proof with regard to both charges (*see Matter of Shacarla CC.*, 249 AD2d 707 [1998]; *see also Matter of Lamarr C.*, 273 AD2d 379, 379 [2000]).

Next, contrary to respondent's contentions, we find no reason to disturb Family Court's order of disposition. Family Ct Act § 352.2 (2) provides that where, as here, a "designated felony act" (Family Ct Act § 301.2 [8]) has not been committed, the disposition should be the least restrictive available, "consistent with the needs and the bests interests of the respondent and the need for the protection of the community." This, however, does not mean that less restrictive options must first be attempted and fail before a stricter alternative is imposed (*see Matter of Jason SS.*, 301 AD2d 900, 902 [2003]; *Matter of Anthony M.*, 142 AD2d 731, 732 [1988]). In light of the previous person in need of supervision proceedings involving respondent, his prior school disciplinary problems and other factors considered by Family Court, including the lack of parental discipline, we cannot say that Family Court abused its discretion by placing respondent with the Office of Children and Family Services for one year (*see Matter of Windell YY.*, 249 AD2d 621, 621-622 [1998]; *Matter of Errol D.*, 241 AD2d 732, 733 [1997], *lv denied* 90 NY2d 810 [1997]).

Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the amended order is affirmed, without costs.