■ In the Matter of DEVON AA., a Person Alleged to be a Juvenile Delinquent, Appellant. CHENANGO COUNTY ATTORNEY, Respondent. [776 NYS2d 357]—

Rose, J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered July 30, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to find respondent in violation of a prior order of probation, and placed respondent in the custody of the Chenango County Commissioner of Social Services for a period of one year.

Respondent was adjudicated a juvenile delinquent following an incident in which he admitted to taking another person's automobile without permission, an act which would constitute the crime of unauthorized use of a motor vehicle in the third degree if committed by an adult. He was 14 years old at the time. Pursuant to the order of disposition, respondent was placed on probation for one year and subject to various conditions, including that he regularly attend school and obey all school rules and regulations. Thereafter, a petition was filed charging respondent with willfully violating the conditions of his probation and seeking to have his probation revoked. Specifically, it was alleged that respondent failed to attend tutoring on several occasions, left tutoring early twice and threatened the tutor. Following a fact-finding hearing, Family Court concluded that respondent had, in fact, violated the conditions of his probation. Consequently, it revoked his probation, vacated the order of disposition and ordered that he be placed in the custody of the Chenango County Commissioner of Social Services for a period of one year. Respondent now appeals.

Respondent argues that his guilt of the charges of violating the conditions of his probation was not proven beyond a reasonable doubt and, therefore, Family Court's order cannot stand. Initially, we note that the preponderance of the evidence standard is the proper standard of review governing such proceedings (see Matter of Amanda RR., 230 AD2d 451, 453 [1997]; see also Matter of Raul P., 292 AD2d 245, 246 [2002], lv denied 98 NY2d 607 [2002]). Applying that standard to the proof adduced in the case at hand, we find that it was satisfied. Respondent's probation officer testified that respondent signed a copy of the conditions of his probation, which required him to attend school regularly and obey school rules. His tutor testified that in May and June 2003, she was assigned to provide instruction to respondent two hours per day, five days per week. She stated that

he missed tutoring sessions on May 28 and 29, 2003 and June 3 and 4, 2003, and left sessions early without her permission on June 2 and 5, 2003. She further stated that respondent was upset with her following the June 9, 2003 tutoring session and made statements that he would do something to her house and dogs, which she found threatening. Respondent denied making threatening statements or leaving tutoring sessions without the tutor's permission. However, he admitted missing at least four tutoring sessions, explaining that he was ill, overslept and out of town.

Family Court is vested with the authority to decide issues of credibility and could credit the testimony of the tutor over that of respondent (*see Matter of Joshua F.*, 309 AD2d 1012, 1013 [2003]; *Matter of Zachary A.*, 307 AD2d 464, 465 [2003]). In view of this, and absent evidence that respondent had a reasonable excuse for missing the tutoring sessions or leaving early, Family Court's finding of guilt is adequately supported by the record.

In addition, we do not find that Family Court's one-year placement of respondent in the custody of the Commissioner of Social Services of Chenango County was inappropriate under the circumstances presented. Such placement was authorized by statute (*see* Family Ct Act § 352.2 [1] [c]) and Family Court adequately articulated the reasons for its disposition in its order (*see* Family Ct Act § 352.2 [2] [b]). Considering this, as well as respondent's unsuccessful placement as a person in need of supervision and his prior probation violations, we decline to disturb Family Court's disposition.

Spain, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.