■ In the Matter of SEAN U., a Person Alleged to be a Juvenile Delinquent, Appellant. DENNIS D. CURTIN, as Clinton County Attorney, Respondent. (And Another Related Proceeding.) [779 NYS2d 286]—

Mugglin, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered November 12, 2003, which,

2. This claim was premised upon the parties' extensive litigation history before Town Court.

inter alia, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

Petitioner filed two juvenile delinquency petitions alleging that respondent committed acts which, if done by an adult, would constitute the crimes of burglary in the second degree, burglary in the third degree and criminal possession of a weapon. At a fact-finding hearing, respondent admitted to having committed acts which would constitute the crimes of burglary in the second degree (three counts) and burglary in the third degree. At a subsequent dispositional hearing, respondent was placed in the custody of the Office of Children and Family Services (hereinafter OCFS) for a period of 18 months. Respondent appeals, contending only that Family Court abused its discretion in placing him with OCFS since such placement was not the least restrictive available alternative.

Respondent argues that Family Court should have placed him in foster care, particularly in view of his need for a stable home environment. We disagree. Family Ct Act § 352.2 (2) (a), in this type of case, requires that the court order the least restrictive available alternative which is consistent with the needs and best interests of respondent and the need for protection of the community. This mandate does not require that less restrictive options set forth in the statute must fail before imposition of a stricter alternative (*see Matter of Zachary A.,* 307 AD2d 464, 465 [2003]). We conclude that Family Court properly assessed the totality of the circumstances, which included respondent's history of lifelong abuse and neglect, the consistent lack of parental guidance and discipline, the candid admission of respondent's mother that she is unable to provide appropriate parenting for respondent, and the admission of respondent that, with the loaded firearms he had stolen, he intended to inflict serious physical injury upon a schoolmate. Thus, we cannot say that Family Court abused its discretion by placing respondent with OCFS (*see Matter of Manuel W.,* 279 AD2d 662, 663 [2001]; *Matter of Windell YY.,* 249 AD2d 621, 621-622 [1998]).

Cardona, P.J., Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.