■ In the Matter of JEFFREY QQ., a Person Alleged to be a Juvenile Delinquent. DENNIS D. CURTIN, as Clinton County Attorney, Respondent; JEFFREY QQ., Appellant. [830 NYS2d 798]— Lahtinen, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered May 12, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

Petitioner commenced this proceeding alleging that respondent (then age 15) struck another individual with a bottle and his fists and he threatened such person with a knife, constituting conduct, which if committed by an adult, would have been assault in the second degree, menacing in the second degree and criminal possession of a weapon in the fourth degree. Following a fact-finding hearing, Family Court granted the Law Guardian's motion to dismiss the alleged assault, but the court found the proof sufficient as to the menacing and possession of a weapon allegations. Respondent had a history of arrests, placement in programs and significant behavioral problems and, after the

dispositional hearing, Family Court ordered that he be placed in the care of the Office of Children and Family Services for a period of one year. Respondent appeals.

We affirm. Respondent contends that Family, Court failed to adequately apprise him of his various rights (*see* Family Ct Act § 320.3). This contention is belied by the record. Respondent was amply informed by Family Court of his pertinent rights at his initial appearance and again at the commencement of the fact-finding hearing. He was present with counsel and there is nothing indicating that he did not understand his rights.

The argument that he did not receive the effective assistance of counsel is meritless. When reviewing such an argument, "we must determine whether the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*Matter of Gregory AA.*, 20 AD3d 726, 726-727 [2005] [internal quotation marks and citations omitted]; *see People v Baldi*, 54 NY2d 137, 147 [1981]). Here, the Law Guardian obtained dismissal of the most serious charge. Review of the record reveals that the Law Guardian was prepared, pursued a cogent strategy, effectively cross-examined witnesses and clearly provided meaningful representation throughout the proceeding (*see Matter of Joseph A.*, 244 AD2d 724, 725 [1997], *lv denied* 91 NY2d 813 [1998]). The errors now asserted by respondent are, at best, based on speculation and second-guessing (*see People v Benevento*, 91 NY2d 708, 712 [1998]).

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.