■ In the Matter of DAVID D., a Person Alleged to be a Juvenile Delinquent. DANIEL J. TUCZINSKI, as Columbia County Attorney, Respondent; DAVID D., Appellant. (And Another Related Proceeding.) [840 NYS2d 206]—

Kane, J. Appeals from two orders of the Family Court of Columbia County (Czajka, J.), entered July 24, 2006, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent, then 15 years old, and two other individuals broke the window of a liquor store and stole several bottles of alcohol. As a result of this incident, petitioner filed a juvenile delinquency petition. A few weeks later, respondent and some friends stole a child's bicycle and pocket knife, hit the child and damaged the bicycle. Petitioner filed a second petition in connection with this incident. In satisfaction of both petitions and a pending petition alleging that respondent violated conditions of release, respondent admitted that he committed acts in connection with both incidents which, if committed by an adult, would constitute the crimes of criminal trespass in the third degree, criminal mischief in the third degree, criminal mischief in the fourth degree, assault in the third degree and two counts of petit larceny. After respondent was twice unsuccessfully discharged from inpatient substance abuse treatment programs, Family Court adjudicated respondent a juvenile delinquent and ordered that he be placed with the Office of Children and Family Services for one year. Respondent appeals.

Respondent's first argument is that his allocution was insufficient to allow Family Court to accept his admission to criminal mischief in the fourth degree (see Family Ct Act § 321.3 [1]). As the court did not adjudicate respondent a juvenile delinquent based upon acts that would constitute criminal mischief in the fourth degree, this argument is moot.

Family Court's order placing respondent with the Office of Children and Family Services was proper. While respondent was subject to a temporary order of release related to the first petition, he committed the acts giving rise to the second petition, which included assaulting a 12-year-old boy, and violated several conditions of the order of release. Respondent had previously been adjudicated a juvenile delinquent and spent a year under probation supervision. The court attempted to aid re-

spondent in addressing his substance abuse problems, but respondent was discharged from two separate inpatient programs due to his behavior, including aggression toward other patients and involvement in a fight. Under the totality of the circumstances, the court's placement was "the least restrictive available alternative . . . which is consistent with the needs and best interests of the respondent and the need for protection of the community" (Family Ct Act § 352.2 [2] [a]; *see Matter of Sean U.*, 9 AD3d 562, 563 [2004]; *Matter of Joseph YY.*, 306 AD2d 584, 585 [2003]; *Matter of Todd Z.*, 295 AD2d 652, 654 [2002]).

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.