In the Matter of DILLON Z., a Person Alleged to be a Juvenile Delinquent. WILLIAM J. DURYEA, JR., as Franklin County Probation Officer, Respondent; DILLION Z., Appellant. [845 NYS2d 479]—

Spain, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered January 5, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to find respondent in violation of a prior order of probation, and placed respondent in the custody of the New York State Office of Children and Family Services for a period of one year.

In June 2006, respondent was placed on probation for a period of two years after being adjudicated a juvenile delinquent. The terms of his probation included, among other things, participation in the Franklin County Family Treatment Court and compliance with a curfew. After respondent failed to comply with these conditions, petitioner, his probation officer, commenced this proceeding seeking revocation of respondent's probationary status. Soon thereafter, respondent appeared before Family Court with his Law Guardian and admitted violating certain terms of his probation as alleged in the petition.

At the beginning of the dispositional hearing, the Law Guardian informed Family Court that respondent no longer wanted to be represented by her. After speaking with respondent about his complaints, the court denied the request and continued with the hearing. After considering the facts and circumstances presented and affording respondent and his Law Guardian an opportunity to be heard, the court revoked respondent's probation and ordered him to be placed with the New York State Office of Children and Family Services (hereinafter OCFS) for a period of 12 months. Respondent now appeals.

Respondent first contends that, after complaining to Family Court regarding his Law Guardian's representation, the court was obligated to appoint a new law guardian. Notably, however, respondent only expressed a desire to discharge the Law Guardian and presumably waive representation, which he ultimately withdrew, and the court was never asked to appoint a replacement law guardian.

A minor involved in a juvenile delinquency proceeding is "presumed to lack the requisite knowledge and maturity to waive the appointment of a law guardian" (Family Ct Act § 249-a), and he or she must demonstrate by clear and convincing evidence that he or she understands "the possible dispositional alternatives . . . [and] possesses the maturity, knowledge and intelligence necessary to conduct his [or her] own defense"

(Family Ct Act § 249-a). Here, Family Court was first informed of respondent's desire to discharge his Law Guardian during the final dispositional hearing. Respondent alleged that she was providing him with false information as a "scare tactic." However, upon further questioning by the court respondent was unable to provide any dates or examples to support these conclusory allegations, and his only specific complaint was that she repeatedly provided him with "the worst case scenario[s]," which never came to bear. The court responded that she was only doing her job in that respect and that such complaints do not provide grounds for removal. Further, when asked who he planned to have represent him if his Law Guardian were discharged, respondent merely stated that he just wanted "to get this over with."

Family Court properly questioned respondent before determining that he did not possess the requisite intelligence to waive counsel and put on his own defense (see Family Ct Act § 249-a). Based on respondent's answers—specifically, his inability to articulate counsel's alleged ineffectiveness during her years of representing him—respondent failed to establish by clear and convincing evidence that he possessed the requisite knowledge to conduct his own defense, or that removal of his attorney was in his best interests. Significantly, upon advising the court that he just wanted "to get this over with," respondent proceeded to cooperate with his Law Guardian and the court in completing the dispositional hearing.

We also reject respondent's contention that Family Court abused its discretion by failing to consider less restrictive alternatives before ordering respondent's placement with OCFS. Once respondent was held to have violated a condition of his probation, Family Court was authorized to revoke the order of probation (see Family Ct Act § 360.3 [6]). Upon revoking respondent's probationary status, the court was required to issue a new dispositional order consistent with Family Ct Act § 352.2, which requires the court to "order the least restrictive available alternative . . . which is consistent with the needs and best interests of the respondent and the need for protection of the community" (Family Ct Act § 352.2 [2] [a]). However, it is well settled that "[t]his mandate does not require that less restrictive options set forth in the statute must fail before imposition of a stricter alternative" (Matter of Sean U., 9 AD3d 562, 563 [2004]; see Matter of Zachary A., 307 AD2d 464, 465 [2003]; Matter of Jason SS., 301 AD2d 900, 902 [2003]).

Here, respondent was placed on probation due to an admitted act of criminal mischief which involved kicking his father's ve-

hicle. Although generally such conduct would not require the restrictive disposition imposed, Family Court correctly assessed the "totality of the circumstances" and, in our view—as of the time of the dispositional hearing—properly concluded that placement of respondent with OCFS was in his best interest (*Matter of Sean U.*, 9 AD3d at 563).

First, the record reveals that respondent has an extensive history of alcohol and substance abuse and, on several occasions, became hostile and threatening towards others. Respondent has been admitted to several treatment facilities—including inpatient facilities—without any lasting success. While respondent continued to receive mental health treatment while on probation, both the Department of Social Services and probation reports recommended his removal from his home and placement into a highly-structured environment for long-term, inpatient treatment. While on probation, respondent violated the terms of his probation by failing to attend Family Treatment Court or to abide by the court-imposed curfew on several occasions, and admittedly left the family residence on three separate occasions without informing his parents or probation officers of his whereabouts. During these incidents, respondent admitted to consuming alcohol or using marihuana and, on two of these occasions, respondent was issued traffic violations while operating his parents' vehicle, taking it a considerable distance without their knowledge or permission.

Finally, Family Court noted that respondent's parents had failed to cooperate and provide the structure and assistance that he needs at home. For example, respondent's parents could not provide any reasonable excuse for his failure to attend the evaluation and possible enrollment in the Rochester Treatment Program, which the court adjourned the dispositional hearing to accomplish and later noted as a prime example of the parents' lack of cooperation in meeting respondent's needs. As such, we cannot say that Family Court abused its discretion (*see Matter of Sean U.*, 9 AD3d at 563; *see also Matter of Zachary A.*, 307 AD2d at 465).

Mercure, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.