In the Matter of ABRAM E., a Juvenile Delinquent, Appellant. JONATHAN C. WOOL, as Franklin County Attorney, Respondent. [892 NYS2d 633]—

Rose, J.

In 2006, Family Court adjudicated respondent a juvenile de-

linquent and placed him on probation for one year. In 2007, respondent admitted to having violated probation by committing an act which, if committed by an adult, would constitute criminal possession of a weapon in the fourth degree, and he was continued on probation for another year. In 2008, petitioner filed petitions alleging further probation violations, one of which resulted in a charge of assault in the third degree. After pleading guilty to that charge, respondent was sentenced to three years of adult probation and found to be in willful violation of his prior probation. After respondent was again arrested on two further charges, Family Court revoked respondent's probation and placed him in the custody of the Office of Children and Family Services for one year.

Respondent appeals, contending that Family Court failed to comply with the mandates of Family Ct Act § 321.3 when it accepted his admission of having violated his probation without allocuting the unrelated adult who was present with him at the hearing. Although Family Ct Act § 321.3 (1) requires the court, when taking an allocution of a juvenile, also to make a prescribed inquiry of "his [or her] parent or other person legally responsible for his [or her] care, if present," respondent has not shown that the female adult present with him was legally responsible for his care. The person in question was a friend of respondent's mother who merely had the mother's written permission to "sign any medical consents" for him.* There is no evidence in the record that she had acted "as the functional equivalent of a parent in a familial or household setting" (*Matter of Yolanda D.*, 88 NY2d 790, 796 [1996]; *see Matter of Brent HH.*, 309 AD2d 1016, 1017 [2003], *lv denied* 1 NY3d 506 [2004]). Thus, we find that respondent was properly allocuted and no further inquiry was required.

Considering respondent's increasingly violent conduct, prior probation violations and recent criminal activity, we also find that a preponderance of the evidence supports Family Court's conclusion that placement with the Office of Children and Family Services was the least restrictive available alternative that would serve his best interests and the community's need for protection (*see* Family Ct Act § 350.3 [2]; § 352.2 [2]; *Matter of Dillon Z.*, 44 AD3d 1192, 1194-1195 [2007]; *Matter of Tucker J.*, 42 AD3d 765, 767 [2007]; *Matter of William VV.*, 42 AD3d 710, 712 [2007]).

Spain, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Respondent's mother had been notified of the hearing but did not attend, and his father's whereabouts were unknown.