■ In the Matter of ANTHONY M., a Juvenile Delinquent, Appellant. CLINTON COUNTY DEPARTMENT OF PROBATION, Respondent. [916 NYS2d 676]—

McCarthy, J. Appeals from two orders of the Family Court of Clinton County (Lawliss, J.), entered January 20, 2010 and February 8, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to find respondent in willful violation of a prior order of probation and placed him in the custody of the Clinton County Department of Social Services for one year.

In August 2009, Family Court adjudicated respondent a juvenile delinquent and placed him on probation for one year. In December 2009, petitioner commenced this proceeding alleging that respondent willfully violated the order of probation. At the conclusion of a fact-finding hearing, the court granted the petition, finding that respondent willfully violated the terms and conditions of his probation by receiving disciplinary referrals at school on two occasions, failing to appear for a scheduled counseling appointment and failing to attend a scheduled appointment with his probation officer. Following a dispositional hearing, the court placed respondent with the Clinton County Department of Social Services (hereinafter DSS) for one year

(*see* Family Ct Act § 352.2 [1] [c]; § 353.3 [1]; § 360.3 [6]). Respondent appeals.

The evidence supports Family Court's finding that respondent willfully violated the terms and conditions of his probation. Petitioner bore the burden of proving such a violation by a preponderance of the evidence (*see Matter of Devon AA.*, 7 AD3d 845, 846 [2004]; *Matter of Amanda RR.*, 230 AD2d 451, 453 [1997]). Here, respondent's teacher testified that she wrote disciplinary reports on two separate days because respondent refused to do classroom work and, on one of those days, he responded to her in an inappropriate and disrespectful manner. Respondent admitted, in his testimony, that he made the cited comments to his teacher. He also testified that he did not remember one of the days and was ill and tired on the other day, such that he could not concentrate on his school work. The probation officer testified that respondent missed an appointment with her and later told her that he had forgotten about it. Respondent admitted missing that appointment and a counseling appointment. He had no excuse for missing the counseling appointment and gave varying excuses for failing to meet with his probation officer. The court credited the testimony of the teacher and probation officer, but found respondent incredible. Giving deference to the court's ability to assess witness credibility, petitioner met its burden of proving that respondent willfully violated the conditions of his probation (*see Matter of Devon AA.*, 7 AD3d at 847).

Family Court did not abuse its discretion by placing respondent in the custody of DSS (*see Matter of Tasha RR.*, 50 AD3d 1218 [2008]; *Matter of Sean U.*, 9 AD3d 562, 563 [2004]). Respondent adamantly refused to go to school, which he had not attended from November 18, 2009 through the beginning of the dispositional hearing on January 13, 2010. His mother, therapist and a family services counselor had not been able to persuade respondent to go to school, even though he was aware of the potential consequences. The court properly determined that providing therapy, probation intervention and family services counseling constituted reasonable efforts to keep respondent in his home, but those efforts were unavailing (*see* Family Ct Act § 352.2 [2] [b]). Respondent's mother proposed her own mother as a placement alternative. The court rejected this option, partially because no one would be at the grandmother's home at the time respondent would have to get on the school bus; her plan to assure that he got to school was simply that it would be respondent's responsibility and "we would probably just have to . . . believe in him." Because respondent had demonstrated his

inability or unwillingness to attend school, even with significant prodding, placement with the grandmother did not provide a viable alternative. Thus, the court did not abuse its discretion in determining that placement with DSS was the least restrictive available alternative to ensure respondent's attendance at school (*see Matter of Tasha RR.*, 50 AD3d at 1218; *Matter of Windell YY.*, 249 AD2d 621, 621-622 [1998]; *see also* Family Ct Act § 352.2 [2] [a]).

Peters, J.P., Lahtinen and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.