In the Matter of ANTHONY E., a Person Alleged to be a Juvenile Delinquent, Appellant. JONATHAN C. WOOL, as Franklin County Assistant County Attorney, Respondent. [919 NYS2d 580]—

Spain, J.P.

In September 2009, respondent (born in 1994) was walking after school in a village in Franklin County with several high school friends when they encountered a group of three middle school students, one of whom—the victim herein (born in 1998)—made an obscene gesture at respondent's group. After an exchange of words, respondent and another member of his group pursued the victim, who ran away and entered a dead end alley, and respondent and his friend followed. Respondent and the victim each picked up sticks of wood from a pile of construction debris and, according to respondent, when he approached, the victim swung his stick and hit respondent on his torso without causing any harm. Respondent then swung his stick at the victim hitting him on the side of the neck near his left shoulder leaving what record photographs show to be a five-inch-long and $1\frac{1}{2}$-to-2-inch-wide linear abrasion, also described by an emergency room doctor as a contusion. Respondent also admitted to then punching the victim in the face at least twice—drawing blood—until the victim cried "stop," at which time respondent and his friend left the scene.

Respondent was charged as a juvenile delinquent in a petition alleging acts which, if committed by an adult, would constitute two counts of the crime of assault in the second degree, under Penal Law § 120.05 (1) (causing serious physical injury) and § 120.05 (2) (causing injury by means of a dangerous instrument). At the conclusion of the fact-finding hearing, Family Court granted respondent's motion to dismiss the first allegation based on inadequate proof of physical injury, but found sufficient proof to determine that respondent committed an act of attempted assault in the second degree (see Penal Law §§ 110.00, 120.05 [2]).

Respondent was continued in the custody of his mother who, before the dispositional hearing, took him to Florida causing warrants to be issued for their arrest. Eventually, respondent returned to Franklin County, was placed in temporary predispositional detention and, after a dispositional hearing, was placed with the Franklin County Department of Social Services (hereinafter FCDSS) for a period of 12 months. Respondent now appeals from both the fact-finding and dispositional orders.*

Initially, respondent asserts that Family Court improperly denied his request to hold a *Wade* hearing but cites no evidence of a police-initiated identification. Although he suggests that a police officer used a school yearbook to help two witnesses identify him, the record reflects that no identification came from that process. Accordingly, this argument is without merit (*see People v Gissendanner*, 48 NY2d 543, 552 [1979]).

Next, respondent argues that Family Court's determination is not supported by legally sufficient evidence and it is against the weight of the evidence, primarily on the premise that he was justified in striking the victim. On the record before us, there exists a "valid line of reasoning and permissible inferences" (*People v Bleakley*, 69 NY2d 490, 495 [1987]) that allowed the court to find beyond a reasonable doubt that, as the initial aggressor, respondent was not justified in his actions (*see* Penal Law § 35.15 [1] [b]; *People v Carter*, 74 AD3d 1375, 1378 [2010], *lv denied* 15 NY3d 772 [2010]). Even before the victim picked up a stick, respondent and his friend were pursuing him. While they denied this, claiming that they were merely walking towards the victim to talk to him, the record supports the conclusion that they chased and cornered the victim.

While a valid line of reasoning exists that allowed Family Court to reject a justification defense, a different finding by the court would not have been unreasonable and, therefore, this Court must weigh the evidence to determine if the determination was against the weight of the evidence (*see People v Bleakley*, 69 NY2d at 495; *see also People v Romero*, 7 NY3d 633, 643-644 [2006]). We find no reason to disturb the court's assessment of the credibility of the witnesses and their conflicting accounts (*see Matter of Clifton NN.*, 64 AD3d 903, 905 [2009]; *People v*

* Because no appeal as of right may be taken from a nondispositional order in a Family Ct Act article 3 proceeding (*see* Family Ct Act § 1112 [a]; *Matter of Brittenie K.*, 50 AD3d 1203, 1204 n 1 [2008]), respondent's appeal from the January 2010 fact-finding order must be dismissed. Respondent's appeal from the May 2010 dispositional order brings up for review all aspects of Family Court's fact-finding and dispositional determinations (*see* CPLR 5501 [a] [1]; *Matter of Barry H.*, 24 AD3d 1137, 1139 [2005]).

*Brabant*, 61 AD3d 1014, 1016 [2009], *lv denied* 12 NY3d 851 [2009]), and find that its determination was supported by the weight of the credible evidence. Additionally, based on the described size of the piece of wood used by respondent to strike the victim, the location and size of the abrasion and the obvious force and manner in which it was used, the record amply supports the court's conclusion that respondent's stick constituted a dangerous instrument (*see People v Flowers*, 178 AD2d 682 [1991], *lv denied* 79 NY2d 947 [1992]).

Next, we reject respondent's assertion that a number of errors made by his counsel deprived him of meaningful representation (*see People v Caban*, 5 NY3d 143, 152 [2005]; *Matter of Jeffrey QQ.*, 37 AD3d 986, 987 [2007]). The record, as a whole, reflects that respondent received meaningful representation by both his predispositional and dispositional attorneys. His initial counsel engaged in motion practice, presented witnesses, effectively cross-examined witnesses and was successful in convincing Family Court that there was no injury sufficient to support the assault allegations, and respondent suffered no actual prejudice from any of his claimed deficiencies (*see Matter of Jonathan LL.*, 294 AD2d 752, 753 [2002]). Further, the consent by respondent's dispositional counsel to the court's consideration of the dispositional reports does not support a finding that respondent was denied meaningful representation. We will not second-guess the efforts of counsel "with the clarity of hindsight to determine how the defense might have been more effective" (*People v Benevento*, 91 NY2d 708, 712 [1998]; *see Matter of Jeffrey QQ.*, 37 AD3d at 987).

We next reject respondent's contention that Family Court improperly placed him in the care of FCDSS, allegedly ignoring other available, less restrictive options. Family Ct Act § 352.2 (2) (a) "requires that the court order the least restrictive available alternative which is consistent with the needs and best interests of [the] respondent and the need for protection of the community" (*Matter of Sean U.*, 9 AD3d 562, 563 [2004]). This does not, however, require the court to utilize without success all less restrictive alternatives before the respondent may be placed in the care of an authorized agency (*see id.*; *Matter of Zachary A.*, 307 AD2d 464, 465 [2003]). Here, in light of respondent's failure to follow the conditions of his initial release on interim probation by, among other things, leaving the jurisdiction pending the dispositional hearing, as well as his failure to cooperate in his subsequent predispositional detention placement with FCDSS, the clear lack of appropriate parental supervision and his present need for structure in his life, we

cannot say that it was an abuse of discretion to place him with FCDSS for one year.

We do agree, however, with respondent that since he was in detention prior to and pending disposition, Family Ct Act § 353.3 (5) requires that "the initial period of placement . . . shall be credited with and diminished by the amount of time spent by the respondent in detention prior to the commencement of the placement." If a court chooses not to apply this credit, it must make a finding that such a credit would not "serve the needs and best interests of the respondent or the need for protection of the community" (Family Ct Act § 353.3 [5]; *see Matter of Victor M.*, 243 AD2d 309 [1997]; *see also Matter of Wayne S.*, 193 AD2d 371, 372 [1993]). Accordingly, given the absence of such a finding, respondent should be credited with 43 days against his year in placement.

We have considered respondent's remaining contentions and find them unavailing.

Stein, McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the appeal from the order entered January 13, 2010 is dismissed, without costs. Ordered that the order entered May 14, 2010 is modified, on the law, without costs, by crediting respondent for the 43 days served in predispositional detention, and, as so modified, affirmed.