In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Miranda C. appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Dutchess County (Posner, J.), dated May 1, 2012, as, upon her admission, found that she violated conditions of a term of probation previously imposed by the same court in an order dated October 12, 2010, vacated the order dated October 12, 2010, and thereupon placed her in the custody of the Commissioner of *892 Social Services of the County of Dutchess for a period of up to 12 months, with credit for 41 days spent in detention pending disposition.
Ordered that the order of disposition is modified, on the law, by deleting the provision thereof crediting Miranda C. with 41 days for time spent in detention pending disposition, and substituting therefor a provision crediting Miranda C. with 93 days for time spent in detention pending disposition; as so modified, the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
On October 12, 2010, following her admission to having committed acts which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, the Family Court placed Miranda C. (hereinafter Miranda) on probation for a period of up to 12 months in accordance with Family Court Act § 353.2. One day before Miranda’s probation was scheduled to expire, on October 11, 2011, the Department of Probation filed a petition alleging that she had violated the conditions of her probation. On January 9, 2012, the Department of Probation filed a supplemental petition alleging further violations of probation. Miranda eventually admitted to violating certain conditions of probation, and in an order of disposition dated May 1, 2012, the Family Court vacated the October 12, 2010, order and placed her in the custody of the Commissioner of Social Services of the County of Dutchess for a period of up to 12 months, with credit for 41 days for time spent in detention from March 20, 2012, to May 1, 2012, pending disposition. Over Miranda’s objection, the Family Court declined to credit her with the 51 days she had spent in detention from May 26, 2010, to July 15, 2010, holding that the statute did not mandate credit for time spent in detention “on the original juvenile delinquency petition.” On appeal, Miranda argues that the court erred in determining that she was not entitled to credit for time spent in detention in 2010.
In a juvenile delinquency proceeding, upon the conclusion of the dispositional hearing, if the court determines that the respondent requires supervision, treatment, or confinement, the court must enter a finding that the respondent is a juvenile delinquent and order an appropriate disposition pursuant to Family Court Act § 352.2 (see Family Ct Act § 352.1). Five dispositional options are available under Family Court Act § 352.2, including probation or placement in accordance with Family Court Act § 353.3. When the court enters an order of disposition, including a term of placement, Family Court Act § 353.3 (5) directs that the initial period of placement “shall be credited *893 with and diminished by the amount of time spent by the respondent in detention prior to the commencement of the placement unless the court finds that all or part of such credit would not serve the needs and best interests of the respondent or the need for protection of the community.” The statutory intent is clear that, absent a specific finding that such credit would not serve the interests of the juvenile or the community, the credit for time in predisposition detention automatically accrues (see Matter of Anthony E., 82 AD3d 1544, 1547 [2011]; Matter of Wanji W., 305 AD2d 690, 692 [2003]; Matter of Victor M., 243 AD2d 309 [1997]; Matter of Wayne S., 193 AD2d 371, 372 [1993]).
The presentment agency contends that Miranda is not entitled to credit for the 51 days she spent in detention in 2010 because the subject disposition relates to the violation of probation proceeding, and not the original juvenile delinquency proceeding, which resulted in a “final disposition of probation.” We do not agree. “A juvenile delinquency petition is ‘the sole instrument for the commencement, prosecution, and adjudication of the juvenile delinquency proceeding’ ” (Matter of Rodney J., 83 NY2d 503, 506 [1994], quoting Matter of Detrece H., 78 NY2d 107, 110 [1991]; see Matter of Markim Q., 7 NY3d 405, 409 [2006]). “A VOP petition, by contrast, is not the foundation of the court’s jurisdiction. It does not commence a new proceeding, but is simply a new step in an existing one” (Matter of Markim Q., 7 NY3d at 410). A respondent placed on probation remains under the legal jurisdiction of the court pending expiration or termination of the period of the order of probation (see Family Ct Act § 360.1 [1]). Furthermore, upon finding that the respondent has violated a condition of probation, the court may revoke the order of probation and order a different disposition pursuant to Family Court Act § 352.2 (see Family Ct Act § 360.3 [6]). Here, upon finding that Miranda had violated conditions of probation, the Family Court vacated the prior order and entered an order of disposition. Thus, contrary to the presentment agency’s contention, no prior disposition existed in this juvenile delinquency proceeding. Moreover, the 12-month period of placement was imposed for Miranda’s acts underlying the initial finding of juvenile delinquency, not for any acts constituting violations of the conditions of her probation (see Family Ct Act § 353.3 [5]).
The presentment agency also argues that Miranda already received credit for her 2010 detention time in the order dated October 12, 2010. The period of probation, however, was not credited with or diminished by the 51 days she had spent in *894 detention (compare Penal Law § 65.15 [1]; People v Zephrin, 14 NY3d 296, 300-301 [2010] [there is no jail time credit on a sentence of probation, which commences on the day it is imposed]; People v Ellis, 27 AD3d 236, 237 [2006]).
Under the plain language of Family Court Act § 353.3 (5), the respondent is entitled to have the initial period of placement credited with and diminished by the amount of time spent in detention prior to the commencement of the placement. Nothing in the statutory language suggests a legislative intent to limit such credit to time proximate to the disposition ordering placement (compare Penal Law § 70.30 [3]). Accordingly, we hold that where, as here, the Family Court has made no specific finding that such credit would not serve the interests of the juvenile or the community, Miranda is entitled to credit for all predisposition detention as a result of the charge that culminated in the period of placement.
The Family Court should have credited Miranda for the time spent in detention from May 26, 2010, to July 15, 2010. In addition, as the presentment agency concedes on appeal, the court erred in calculating the time Miranda spent in detention from March 20, 2012, to May 1, 2012, as 41 days, when it should be 42 days. Based on the awards of credit, the period of placement of 12 months expired on January 28, 2013. Accordingly, we direct the Commissioner of Social Services of the County of Dutchess to immediately release Miranda from its custody. Moreover, since the period of placement has expired, the issue of whether the placement was proper has been rendered academic. Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.