Rose, J.
Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered June 4, 2012, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.
Petitioner sought to have respondent adjudicated a juvenile delinquent based on conduct that, if she were an adult, would constitute the crime of criminal mischief in the fourth degree. Respondent admitted that she used a cigarette lighter to cause five burn marks on a wall at her school. Following a dispositional hearing, she was adjudicated a juvenile delinquent and placed in the custody of the Clinton County Department of Social Services for a period of one year. Respondent now appeals.
The sole issue on appeal is whether Family Court abused its discretion in ordering respondent’s placement with the Department rather than the less restrictive alternative of placing her *949 on probation in the custody of her mother. Family Ct Act § 352.2 (2) (a) provides that, following a dispositional hearing, the court “shall order the least restrictive available alternative . . . which is consistent with the needs and best interests of the respondent and the need for protection of the community.” It is well settled that a less restrictive option need not be utilized unsuccessfully before a more restrictive option may be imposed (see Matter of Anthony E., 82 AD3d 1544, 1546 [2011]; Matter of Dillon Z., 44 AD3d 1192, 1194 [2007]).
Petitioner concedes that respondent’s admitted act of criminal mischief would not, by itself, warrant placement, but it relies on the totality of the circumstances here in support of the disposition (see Matter of Dillon Z., 44 AD3d at 1195). The record reveals that respondent has a significant history of substance abuse, running away from home and unexcused absences from school. Moreover, despite the mother’s positive efforts in the weeks prior to the dispositional hearing, it is evident from the record that respondent’s parents have a history of failing to provide the supervision, structure and assistance that she requires. Accordingly, we cannot say that the disposition imposed by Family Court was an abuse of its discretion (see Matter of Anthony E., 82 AD3d at 1546; Matter of Zachary A., 307 AD2d 464, 465 [2003]).
Peters, P.J., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.