*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 10, 2014                    517214
_____

In the Matter of TREVOR MM.,
    a Juvenile Delinquent.

PENNIE HUBER, as Sullivan
    County Probation Officer,                    MEMORANDUM AND ORDER
                    Respondent;

TREVOR MM.,
                    Appellant.
_____

Calendar Date:  June 4, 2014

Before:  Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ.

_____

        Clifford Gordon, Monticello, for appellant.

        Sam Yasgur, County Attorney, Monticello (Glen Rosenstein of
counsel), for respondent.

_____

Clark, J.

        Appeals from two orders of the Family Court of Sullivan
County (Meddaugh, J.), entered July 24, 2013, which, among other
things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 3, to find respondent in
violation of a prior order of probation, and placed respondent in
the custody of the Sullivan County Department of Family Services
for a period of one year.

        After having been adjudicated a juvenile delinquent,
respondent (born in 1999) was placed on a 12-month term of
probation.  The terms of his probation included, among other
things, abiding by household rules, regular school attendance and

compliance with all school regulations. In April 2013, petitioner commenced the instant proceeding seeking revocation of respondent's probationary status. The petition alleged that respondent was in violation of the conditions of his probation inasmuch as he, among other things, had been accused of the crimes of making a terrorist threat and petit larceny, had repeatedly been absent from school and had not been compliant with either school or household rules.

Upon accepting respondent's admissions to certain probation violations, Family Court conducted a dispositional hearing at the close of which the court concluded that residential placement for a period of one year was warranted. Instead of immediately placing respondent in the physical care of the Sullivan County Department of Family Services (hereinafter DFS), however, the court gave respondent the opportunity to continue living at home with his mother, and to prove to the court that placement was not necessary by complying with the terms of his probation during the time that it would take DFS to secure a residential placement. Shortly thereafter, Family Court received correspondence from petitioner indicating that respondent continued to regularly violate the terms of his probation. In two orders, Family Court ordered residential placement for respondent and nonsecure detention until such residential placement could be obtained. Respondent now appeals from both orders.

The sole issue on appeal is whether Family Court abused its discretion when, upon respondent's admission to willful violations, it ordered respondent's placement with DFS rather than continuing him on probation in the custody of his mother. Once respondent admitted to violating conditions of his probation, "Family Court was authorized to revoke the order of probation" (Matter of Dillon Z., 44 AD3d 1192, 1194 [2007]; see Family Ct Act § 360.3 [6]). The court was then required to issue a new dispositional order in accordance with Family Ct Act § 352.2, which requires that the court "order the least restrictive available alternative . . . consistent with the needs and best interests of the respondent and the need for protection of the community" (Family Ct Act § 352.2 [2] [a]; accord Matter of Dillon Z., 44 AD3d at 1194). In that regard, however, "[i]t is well settled that a less restrictive option need not be

utilized unsuccessfully before a more restrictive option may be imposed" (<u>Matter of Tianna W.</u>, 108 AD3d 948, 949 [2013]; <u>see</u> <u>Matter of Anthony E.</u>, 82 AD3d 1544, 1546 [2011]).

Here, upon adjudicating respondent a juvenile delinquent, Family Court originally imposed the disposition of probation. Inasmuch as that disposition proved to be unsuccessful, we reject respondent's argument that probation should have been continued as the least restrictive alternative consistent with his best interests. Specifically, in light of the ample proof of respondent's repeated noncompliance with the conditions of his probation, as well as his failure to change his course of conduct and demonstrate cooperation despite being afforded an additional chance during the time that DFS sought residential placement, we conclude that Family Court's order of disposition was proper in light of the totality of the circumstances (<u>see</u> <u>Matter of Anthony E.</u>, 82 AD3d at 1546-1547). The probation report recommending residential placement, the testimony of respondent's mother regarding his noncompliant behavior and her difficulties in getting him to school, and the evidence that respondent continued to fail even with the support of probation, collectively demonstrate that residential placement was the least restrictive alternative available here (<u>see</u> <u>Matter of Abram E.</u>, 69 AD3d 1006, 1007 [2010]; <u>Matter of Dillon Z.</u>, 44 AD3d at 1194-1195). Finally, while the record reflects that respondent's mother had made significant positive efforts despite her own personal challenges, she appeared unable to provide the structure and supervision necessary for respondent. Accordingly, Family Court's decision to opt against placement in the mother's care in favor of placement with DFS was not an abuse of discretion (<u>see</u> <u>Matter of Tasha RR.</u>, 50 AD3d 1218 [2008]).

Peters, P.J., Stein, Rose and Egan Jr., JJ., concur.

ORDERED that the orders are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court