*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 25, 2015                519492
_____

In the Matter of JACOB LL.,
    Alleged to be a Juvenile
    Delinquent.

BEATRICE HAVRANEK, as Ulster
    County Attorney,                        MEMORANDUM AND ORDER
                    Respondent;

JACOB LL.,
                    Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  May 26, 2015

Before:  Lahtinen, J.P., McCarthy, Rose and Clark, JJ.

_____

        John Ferrara, Monticello, for appellant.

        Beatrice Havranek, County Attorney, Kingston (Kristin A.
Gumaer of counsel), for respondent.

_____

McCarthy, J.

        Appeal from an order of the Family Court of Ulster County
(McGinty, J.), entered May 16, 2014, which granted petitioner's
applications, in two proceedings pursuant to Family Ct Act
article 3, to adjudicate respondent a juvenile delinquent.

        In two juvenile delinquency petitions filed by petitioner,
respondent (born in 1999) was charged with, among other things,
acts which, if committed by an adult, would constitute the crimes
of assault in the third degree, conspiracy in the sixth degree

and attempted gang assault in the second degree.  After respondent admitted to committing the subject acts, Family Court conducted a dispositional hearing and, thereafter, placed respondent in the custody of the Ulster County Commissioner of Social Services (hereinafter UCCSS) for a period of one year. Respondent now appeals.

We affirm.  Respondent failed to preserve for our review his contention that the petitions should be dismissed because Family Court failed to conduct the dispositional hearing within the time limits set forth in Family Ct Act § 350.1 (3) (a) (see Matter of Andre M., 299 AD2d 967, 968 [2002]; Matter of Richard W., 226 AD2d 941, 942 [1996], lv denied 88 NY2d 808 [1996]). Were this issue properly before us, we would find respondent's contention unavailing.  Notably, the failure to timely conduct a dispositional hearing does not mandate per se dismissal (see Matter of Jose R., 83 NY2d 388, 393-394 [1994]; Matter of Eric CC., 298 AD2d 632, 634 [2002]).  Where, as here, the four-day delay in the disposition was due, in part, to the difficulty of finding respondent an appropriate residential placement, we would find that dismissal of the petitions would not be warranted (see Matter of Jose R., 83 NY2d at 393-394; Matter of Yarras F., 5 AD3d 481, 482 [2004], lv denied 3 NY3d 606 [2004]; Matter of Eric CC., 298 AD2d at 634; compare Matter of Joseph O., 305 AD2d 743, 745 [2003]).

Family Court did not abuse its discretion in failing to impose a less restrictive alternative to placing respondent in the custody of UCCSS.  Family Ct Act § 352.2 requires that, upon the conclusion of the dispositional hearing, Family Court "order the least restrictive available alternative . . . consistent with the needs and best interests of the respondent and the need for protection of the community" (Family Ct Act § 352.2 [2]; see Matter of Trevor MM., 119 AD3d 1112, 1113 [2014]).  Here, in light of, among other things, respondent's prior person in need of supervision adjudication and his refusal to comply with the probation conditions imposed as a part thereof, his continued disciplinary problems at school, his habitual truancy at tutoring sessions while suspended from school and his inconsistent compliance with household rules, we cannot say that Family Court abused its discretion by opting against respondent's continued

placement in his grandmother's home in favor of placement with UCCSS for one year (see Family Ct Act § 352.2 [2]; Matter of Abram E., 69 AD3d 1006, 1007 [2010]; Matter of Dillon Z., 44 AD3d 1192, 1194-1195 [2007]).

Lahtinen, J.P., Rose and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.


ENTER:


Robert D. Mayberger
Clerk of the Court