*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015                    520424
_____

In the Matter of JOSHUA LL.,
    Alleged to be a Juvenile
    Delinquent.

GLEN H. ROSENSTEIN, as                    MEMORANDUM AND ORDER
    Sullivan County Attorney,
                      Respondent;

JOSHUA LL.,
                      Appellant.
_____

Calendar Date:   September 10, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Devine, JJ.

_____

        Michael C. Ross, Bloomingburg, for appellant.

        Sam Yasgur, County Attorney, Monticello (Glen H. Rosenstein
of counsel), for respondent.

_____

Lahtinen, J.P.

        Appeal from an order of the Family Court of Sullivan County
(Meddaugh, J.), entered September 30, 2014, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 3, to adjudicate respondent a juvenile delinquent.

        In June 2014, respondent (born in 1999) was charged in a
petition with committing acts which, if committed by an adult,
constituted the crimes of burglary in the second degree, grand
larceny in the fourth degree and criminal possession of property
in the fifth degree.  Respondent had also reportedly been
arrested near that same time for further acts, which, if

committed by an adult, would have constituted two assaults and resisting arrest.  In satisfaction of the pending petition and additional pending charges, he admitted conduct constituting criminal trespass in the second degree and he was adjudicated a juvenile delinquent.  Following a dispositional hearing, Family Court placed respondent in the custody of the Sullivan County Department of Social Services to be held in a nonsecure detention facility for 12 months.  Respondent appeals contending that he should have been placed in a less restrictive alternative.

We affirm.  "Family Ct Act § 352.2 requires that, upon the conclusion of the dispositional hearing, Family Court 'order the least restrictive available alternative . . . consistent with the needs and best interests of the respondent and the need for protection of the community'" (Matter of Jacob LL., 129 AD3d 1407, 1408 [2015], quoting Family Ct Act § 352.2 [2] [a]).  "Family Court has broad discretion in entering dispositional orders" (Matter of Orazio A., 81 AD3d 1104, 1106 [2011]), and "[i]t is well settled that a less restrictive option need not be utilized unsuccessfully before a more restrictive option may be imposed" (Matter of Tianna W., 108 AD3d 948, 949 [2013]).  Family Court's dispositional order was based on its findings that, among other things, respondent had repeatedly been involved in serious misconduct, needed supervision and counseling to stay out of trouble and improve his behavior, disregarded the rules of the parent with custody and neither parent could effectively supervise him, habitually missed school and was failing all his classes, and had possible involvement with a gang, alcohol and drugs.  We are unpersuaded that Family Court abused its discretion by placing respondent in a nonsecure facility (see Matter of Jacob LL., 129 AD3d at 1408; Matter of Benjamin NN., 41 AD3d 1107, 1107 [2007]).

Garry, Lynch and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court