Matter of Kaleb EE. (2021 NY Slip Op 01825)





Matter of Kaleb EE.


2021 NY Slip Op 01825


Decided on March 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

531434

[*1]In the Matter of Kaleb EE., Alleged to be a Juvenile Delinquent. Essex County Attorney, Respondent; Kaleb EE., Appellant.

Calendar Date: February 11, 2021

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Thomas Marcelle, Slingerlands, for appellant.
Daniel T. Manning, County Attorney, Elizabethtown (Daniel T. Tedford of counsel), for respondent.



Clark, J.
Appeals (1) from an order of the Family Court of Essex County (Meyer, J.), entered December 4, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent, and (2) from an order of the Family Court of Clinton County (Bruno, J.), entered March 6, 2020, which placed respondent in the care and custody of the Office of Children and Family Services for one year.
In October 2019, petitioner commenced this juvenile delinquency proceeding alleging that respondent (born in 2003) committed acts which, if committed by an adult, would constitute the crimes of falsely reporting an incident in the third degree (see Penal Law § 240.50 [1]) and resisting arrest (see Penal Law § 205.30). In full satisfaction of the petition, respondent admitted to the charge of falsely reporting an incident in the third degree, and, in a December 2019 order, Family Court in Essex County (Meyer, J.) adjudicated him to be a juvenile delinquent. Respondent was remanded to the custody of the Clinton County Department of Social Services and disposition was accordingly transferred to Family Court in Clinton County. In March 2020, following a dispositional hearing, Family Court (Bruno, J.) ordered respondent to be placed in the care and custody of the Office of Children and Family Services for a period of one year. Respondent appeals from the December 2019 and March 2020 orders.
Initially, inasmuch as "no appeal as of right may be taken from a nondispositional order in a Family Ct Act article 3 proceeding," respondent's appeal from the December 2019 fact-finding order must be dismissed (Matter of Anthony E., 82 AD3d 1544, 1545 n [2011]; see Family Ct Act § 1112 [a]). Nevertheless, respondent's appeal from the March 2020 dispositional order brings up for review all aspects of the December 2019 order (see CPLR 5501 [a]; Matter of Anthony E., 82 AD3d at 1545 n). Turning to the merits, respondent solely challenges the constitutionality of Penal Law § 240.50 (1), arguing that the statute is overbroad and violates the First Amendment because it criminalizes speech uttered without a specific intent to cause public alarm. Respondent, however, did not raise this constitutional argument in Family Court and, thus, it is unpreserved for our review (see Matter of Brian B., 193 AD2d 675, 676 [1993]; cf. People v Graham, 93 NY2d 934, 935 [1999]; People v Stone, 179 AD3d 1287, 1291 [2020]). We decline to take corrective action on this unpreserved issue in the interest of justice (see Matter of Brian B., 193 AD2d at 676). Accordingly, we affirm the March 2020 order.
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the appeal from the order entered December 4, 2019 is dismissed, without costs.
ORDERED that the order entered March 6, 2020 is affirmed, without costs.