■ In the Matter of CARLOS MM., a Person Alleged to be a Juvenile Delinquent. KENNETH D. GILLIGAN, as Ulster County Attorney, Respondent; CARLOS MM., Appellant. [656 NYS2d 418] —Mikoll, J. P. Appeal from an order of the Family Court of Ulster County (Work, J.), entered September 30, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent was adjudicated a juvenile delinquent on August 3, 1995. He was placed on probation for one year. On May 22, 1996, William Owen, respondent's probation officer, filed a petition alleging respondent's violation of his order of probation. In July 1996, the petition was withdrawn without prejudice by the County Attorney. The present petition was filed August 1, 1996 alleging violation of probation for failing to abstain from the use of drugs, for respondent's arrest on May 25, 1996 for loitering and criminal possession of marijuana in the fifth degree, and for failure to attend a drug treatment program or to comply with recommendations made pursuant to the program.

At a violation hearing held September 26, 1996, Family Court found that respondent violated the terms of his probation; respondent also admitted to violating the terms of his probation by drug use and by leaving the drug treatment program early. The court imposed an additional six-month probationary term. Respondent appeals.

Respondent contends that the violation of probation petition must be dismissed because he was not afforded the right to a prompt hearing pursuant to Family Court Act § 360.3 (1). Underlying this contention is the premise urged by respondent that promptness relates back to the date of his first appeal on the original violation petition. We disagree. The current petition alleges violations not contained in the first petition. While a hearing should be promptly held (see, Family Ct Act § 360.3 [1]), the standard is "more flexible * * * than the time limits applicable to fact-finding and dispositional hearings" (Sobie, Practice Commentaries, McKinney's Cons Law of NY, Book 29A, Family Ct Act § 360.3, at 582).

We also reject respondent's contention that the allegations in the petition are not specific enough as to time and place of the alleged drug use and are not supported by nonhearsay allegations and, thus, are jurisdictionally deficient. The petition must establish by nonhearsay allegations every element of the offense charged and the commission thereof (see, Matter of Jahron S., 79 NY2d 632, 636-637). According to the petition, respondent admitted to Owen on two occasions, April 5, 1996 and July 1, 1996, that he had used illegal drugs while on probation. Owen and the arresting police officer attested to their knowledge, either personal or on information and belief, of the factual allegations and verified the truth of their contents under penalty of perjury (see generally, Matter of Neftali D., 85 NY2d 631). This constituted sufficient nonhearsay evidence of the violation of probation. Additionally, we find the petition to be sufficiently specific as to time and place to reasonably describe the alleged violations.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.