■ In the Matter of RAYMOND WW., Alleged to be a Juvenile Delinquent. TOMPKINS COUNTY ATTORNEY, Respondent; RAYMOND WW., Appellant. [737 NYS2d 562] —Lahtinen, J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered January 4, 2001, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

This 15-year-old respondent was originally detained for criminal activity which resulted in the timely filing of a juvenile delinquency petition charging him with acts which, if committed by an adult, would constitute assault in the third degree, assault in the second degree and three counts of attempted robbery in the second degree. The charges arose from respondent's alleged participation with another in the armed robbery of a graduate student in the City of Ithaca, Tompkins County, on the evening of October 28, 2000, which caused the victim physical injury. Respondent denied the allegations of the petition at his initial appearance, which was followed immediately by a probable cause hearing, resulting in Family Court determining that there was reasonable cause to detain respondent until the fact-finding hearing.

Immediately prior to the fact-finding hearing, respondent entered an admission to that portion of the juvenile delinquency petition charging him with acts constituting the crime of assault in the third degree, in full satisfaction of the remaining charges in the petition and other pending uncharged offenses. After the dispositional hearing, respondent was placed in the custody of the Tompkins County Department of Social Services for a one-year period ending December 1, 2001. Respondent now appeals.

Turning first to respondent's contention that Family Court failed to place him in the least restrictive placement, we note that the placement expired on December 1, 2001, thereby rendering this issue moot (see, Matter of Kristie II., 252 AD2d 807, 808).

Respondent's remaining contention is that his juvenile delinquency adjudication must be reversed because Family Court erroneously determined that reasonable cause existed for his detention at the conclusion of the probable cause hearing. This argument is waived by respondent's unconditional admission to the charge of assault in the third degree, which was entered knowingly, voluntarily and intelligently with the assistance of counsel (see, Matter of Nathaniel W., 271 AD2d 692, 692; Matter of Michael C., 215 AD2d 228, 228). Were it necessary to reach the merits, the record amply supports Family Court's finding of probable cause.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.