■ In the Matter of JOSEPH YY., a Child Alleged to be a Juvenile Delinquent, Appellant. HARLAN MOSSER, as Broome County Probation Officer, Respondent. [760 NYS2d 276] —Spain, J.P. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered July 25, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to find respondent in violation of a prior order of disposition.

In April 2001, respondent was adjudicated a juvenile delinquent and was placed in an intensive probation supervision program. When respondent admitted to a subsequent probation violation, he was continued on probation until April 2002 on the condition, among others, that he successfully complete treatment at an inpatient drug treatment facility. Thereafter, the term of his intensive probation supervision was extended

to correspond with the expected term of the drug treatment program. On May 2, 2002, the facility discharged respondent prior to the completion of the program, asserting that he had been uncooperative.

Petitioner thereafter filed three successive violation petitions related to respondent's failure to complete the drug treatment and his failure to abide by a curfew. In June 2002, respondent admitted to the allegations contained in one of the petitions in full satisfaction of all three. Following a dispositional hearing, Family Court concluded that respondent had willfully violated the terms and conditions of his probation, and, by order dated and entered July 25, 2002, placed him in the custody of the Office of Children and Family Services (hereinafter OCFS) for a period of eight months in a limited secure facility (*see* Family Ct Act § 353.3 [3] [b]). Respondent now appeals, his sole contention being that Family Court abused its discretion by placing him with OCFS as this placement was not the least restrictive alternative and was inconsistent with his needs and those of the community (*see* Family Ct Act § 352.2 [2]).

Respondent's appeal is now moot as the term of the OCFS placement in the order appealed from expired on March 12, 2003, eight months after the conclusion of the dispositional hearing (*see Matter of Mark J.,* 259 AD2d 40, 43-44 [1999]; *see also Matter of Eddie E.,* 219 AD2d 719, 720 [1995]; *Matter of Angelina E.,* 213 AD2d 346, 347 [1995]). Moreover, this appeal is also rendered moot by respondent's failure to appeal from a subsequent order of Family Court extending placement until May 14, 2003, respondent's eighteenth birthday (*see Matter of Mark J., supra* at 44; *Matter of Anna HH.,* 223 AD2d 880, 881 [1996]).

In any event, respondent's contentions on the merits are unpersuasive. Testimony at the dispositional hearing revealed that respondent has shown an unwillingness to abide by the rules set down in the respective households of his parents, and both parents had reservations about accepting his return to their households. According to staff at the drug treatment facility, respondent displayed drug-seeking behaviors and repeated fits of anger. Significantly, respondent had been afforded numerous opportunities to mend the error of his ways under the constraints of less restrictive dispositional alternatives and had been unsuccessful. Accordingly, it cannot be said that the OCFS placement constituted an abuse of discretion (*see Matter of Manuel W.,* 279 AD2d 662, 663 [2001]; *Matter of Michael OO.,* 269 AD2d 633, 634 [2000]).

Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.