■ In the Matter of STEVEN GG., a Child Alleged to be a Juvenile Delinquent, Appellant. BROOME COUNTY ATTORNEY'S OFFICE, Respondent. (And Another Related Proceeding.) [761 NYS2d 552] —Spain, J. Appeal from an order of the Family Court of Tioga County (Sgueglia, J.), entered May 17, 2002, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

Pursuant to Family Ct Act article 3, petitioner filed two juve-

nile delinquency petitions in Broome County alleging that respondent broke into a motor vehicle and stole a cellular phone from his employer. In full satisfaction of both petitions, respondent admitted to the theft of the cellular phone, an act which, if committed by an adult, would constitute the crime of petit larceny (*see* Penal Law § 155.25). Upon transfer to Tioga County and following a dispositional hearing, Family Court placed respondent in the custody of the Tioga County Department of Social Services (hereinafter DSS) for a period of one year ending April 24, 2003. Respondent now appeals, contending that he was denied his right to a speedy dispositional hearing (*see* Family Ct Act § 350.1 [1]) and that Family Court's placement was not the least restrictive alternative (*see* Family Ct Act § 352.2 [2] [a]).

Initially, the record reflects that respondent's one-year placement was scheduled to end on April 24, 2003, and petitioner has informed this Court that respondent was in fact released from custody on that date. Consequently, the instant appeal is moot (*see Matter of Joseph YY.*, 306 AD2d 584, 585 [2003]; *Matter of Raymond WW.*, 291 AD2d 682, 683 [2002]). In any event, respondent's contentions are unpersuasive. The testimony at the dispositional hearing established that respondent had previously been adjudicated a juvenile delinquent, repeatedly violated the terms of his probation, skipped school numerous times and refused to obey a court-imposed curfew. Under these circumstances, we cannot say that Family Court abused its discretion by placing respondent in the custody of DSS (*see Matter of Joseph YY., supra* at 585; *Matter of Errol D.*, 241 AD2d 732, 733 [1997], *lv denied* 90 NY2d 810 [1997]). Nor was respondent denied his right to a speedy dispositional hearing (*see* Family Ct Act § 350.1 [1]). While Family Court did, after the first day of testimony, adjourn the hearing, we conclude that procuring the testimony of respondent's probation officer provided the requisite good cause for the adjournment past the statutory period (*see* Family Ct Act § 350.1 [3] [a]).

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.