■ In the Matter of Joseph H., a Person Alleged to be a Juvenile Delinquent. Christopher H. Gardner, as Schenectady County Attorney, Respondent; Joseph H., Appellant. [834 NYS2d 344]—Cardona, P.J. Appeal from an order of the Family Court of Schenectady County (Powers, J.), entered February 10, 2006, as amended by an order entered May 8, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to find respondent in violation of a prior order of disposition.

In February 2005, respondent was adjudicated a juvenile delinquent after perpetrating an act which, if committed by an adult, would constitute assault in the third degree. He was placed on probation for 12 months, however, just two days after that disposition, respondent, then 16, committed the crime of sexual abuse in the first degree. Respondent later pleaded guilty to that crime.

Thereafter, in October 2005, petitioner commenced this proceeding alleging that respondent breached the terms of his probation by, among other things, violating the law by committing sexual abuse in the first degree, threatening another student and failing to comply with required electronic home monitoring procedures. Subsequently, respondent admitted to violating his probation. A dispositional hearing began in November 2005 and was adjourned various times in order to find a residential treatment facility that would accept respondent in light of his status as a sex offender. After several adjournments for that purpose, in February 2006, an appropriate facility was found and Family Court issued an order and amended order concluding, among other things, that such a placement was in respondent's best interests and the one-year "period spent in detention shall be measured from October 26, 2005." Respondent appeals, arguing that he was not accorded a speedy dispositional hearing.

Although it appears that the flexible standard for postdispositional procedures was not violated under the particular circumstances of this case (see Family Ct Act § 360.3 [1]; Matter of Carlos MM., 238 AD2d 707, 708 [1997]), it is nevertheless apparent that respondent's appeal is now moot and must be dismissed. Not only does it appear from the record that the placement orders have expired by their own terms (see Matter of Wayne C., 11 AD3d 775, 775 [2004]; Matter of Evan P., 1 AD3d 831, 832 [2003]), but, additionally, respondent attained the age of 18 during the pendency of this appeal (see Matter of Jamie D., 255 AD2d 631, 632 [1998]). Therefore, this appeal is moot and no exception to the mootness doctrine applies herein (see id.).

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.