*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 18, 2016            520697
_____

In the Matter of WILLIAM G.,
    Alleged to be a Juvenile
    Delinquent.

JONATHAN WOOD, as Tompkins                MEMORANDUM AND ORDER
    County Attorney,
                    Respondent;

WILLIAM G.,
                    Appellant.
_____

Calendar Date:   January 5, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Pamela Bleiwas, Ithaca, for appellant.

        Jonathan Wood, County Attorney, Ithaca (William J. Troy III
of counsel), for respondent.

_____

Lynch, J.

        Appeal from an order of the Family Court of Tompkins County
(Rowley, J.), entered August 19, 2014, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article 3,
to adjudicate respondent a juvenile delinquent.

        In February 2014, respondent appeared in Cortland County
Family Court (Ames, J.) and admitted committing an act which, if
committed by an adult, would constitute the crime of criminal
sexual act in the first degree.  Family Court issued an order
upon fact-finding adjudicating respondent to be a juvenile
delinquent and ordering a predispositional report.  Family Court

thereafter transferred the matter to Tompkins County, where respondent resided, for disposition. After a dispositional hearing, Tompkins County Family Court (Rowley, J.) ordered respondent to be placed with the Tompkins County Department of Social Services for one year for "non-secure placement with the William George Agency, specializing in sex offender treatment." Respondent appeals.

Respondent's core argument on this appeal is that Family Court violated the terms of the plea agreement by placing him outside his home. He further asserts that the evidence did not warrant his placement in a residential treatment facility, as the least restrictive available alternative. Inasmuch as the dispositional order expired by its own terms in August 2015, these claims are moot (see Matter of Clarence D., 88 AD3d 1074, 1075 [2011]; Matter of Clifton NN., 64 AD3d 903, 905 [2009]; Matter of Brett W., 62 AD3d 1050, 1051 [2009]). That said, the record shows that the plea was accepted without any promises as to what the actual disposition would be.

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court