## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  May 5, 2016                    520054
_____

In the Matter of AKO LL.,
    Alleged to be a
    Juvenile Delinquent.

ROBERT BEHNKE, as Broome
    County Attorney,
                    Respondent;                MEMORANDUM AND ORDER

AKO LL.,
                    Respondent.

CARLA MM.,
                    Appellant.
_____

Calendar Date:  March 23, 2016

Before:  Peters, P.J., Lahtinen, Rose, Lynch and Aarons, JJ.

                    _____

        Alena Van Tull, Binghamton, for appellant.

        Robert Behnke, County Attorney, Binghamton (Ryan R. Matt of
counsel), for Robert Behnke, respondent.

        Allen Stone, Vestal, for Ako LL., respondent.

                    _____

Lahtinen, J.

        Appeal from an order of the Family Court of Broome County
(Connerton, J.), entered September 18, 2014, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 3, to adjudicate respondent a juvenile delinquent.

In April 2014, respondent (born in 2001) admitted in Family Court that he had engaged in acts which, if committed by an adult, constituted attempted petit larceny. He was released pending a dispositional hearing to the supervision of Carla MM. (hereinafter the mother), with whom he had been residing for about two years. Prior to completion of the dispositional hearing, Family Court moved respondent to the supervision of his father when the mother became temporarily unavailable due to a medical issue. Thereafter, it was discovered that an April 2010 custody order had, in fact, previously placed primary physical custody with the father. Based upon this order, as well as other proof at the dispositional hearing, Family Court, in September 2014, placed respondent on 12 months of probation in the supervision of his father. The mother appeals.

The appeal is moot. There is no challenge on appeal to the underlying merits of the order adjudicating respondent a juvenile delinquent or his placement on probation under the supervision of a parent. The mother argues, however, that Family Court erred in placing respondent with the father rather than with her. We note that while this appeal was pending, the mother's separate petition to modify the April 2010 custody order was denied by Family Court. More importantly, the dispositional order, including the terms of probation, expired in September 2015 and, accordingly, the mother's argument is now moot (see Matter of Kashayla L., 56 AD3d 962, 962-963 [2008]; Matter of Steven GG., 307 AD2d 407, 408 [2003]; see also Matter of William G., 136 AD3d 1178, 1179 [2016]). The exception to the mootness doctrine does not apply (see Matter of Lasheim V., 61 AD3d 1047, 1047-1048 [2009]; Matter of Joseph H., 39 AD3d 896, 896 [2007]). In any event, the mother's argument lacks merit in that Family Court's disposition was well within its broad discretion and not otherwise in error (see e.g. Matter of Joshua LL., 132 AD3d 1201, 1202 [2015]; Matter of Jacob LL., 129 AD3d 1407, 1408 [2015]; Matter of Trevor MM., 119 AD3d 1112, 1114 [2014]).

Peters, P.J., Rose, Lynch and Aarons, JJ., concur.

ORDERED that the appeal is dismissed, as moot, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court