*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 27, 2016            521605
_____

In the Matter of NICHOLAS SS.,
    Alleged to be a Juvenile
    Delinquent.

MONTGOMERY COUNTY ATTORNEY,                MEMORANDUM AND ORDER
                    Respondent;

NICHOLAS SS.,
                    Appellant.
_____

Calendar Date:   September 13, 2016

Before:   McCarthy, J.P., Garry, Devine, Clark and Mulvey, JJ.

_____

        Peter J. Scagnelli, Albany, for appellant.

        Meghan M. Manion, County Attorney, Amsterdam (William E. Lorman of counsel), for respondent.

_____

Devine, J.

        Appeal from an order of the Family Court of Montgomery County (Cortese, J.), entered December 22, 2014, which, in a proceeding pursuant to Family Ct Act article 3, extended respondent's period of supervision.

        Petitioner commenced this juvenile delinquency proceeding in 2014.  Family Court thereafter ordered, upon the consent of the parties, an adjournment in contemplation of dismissal that did not require any admissions on the part of respondent (see Family Ct Act § 315.3 [3]).  Respondent was, however, ordered to comply with certain terms and submit to probation supervision until April 1, 2015.  Family Court restored the

matter to the calendar after it became clear that respondent's father was obstructing the supervision efforts of the Montgomery County Department of Probation. Family Court addressed the situation by entreating the father to be "a little less contrary and a little more cooperative" and extended the period of supervision to June 1, 2015. Respondent appeals from the order extending the period of supervision.

The extended period of supervision expired on June 1, 2015, at which point the underlying petition was "deemed to have been dismissed by [Family Court] in the furtherance of justice" (Family Ct Act § 315.3 [1]). Respondent acknowledges that no adjudication exists that could affect his legal rights under these circumstances, and any issues relating to the appealed-from order are therefore moot (see Matter of Ako LL. [Carla MM.], 139 AD3d 1130, 1131 [2016]; Matter of Edward V. v Crystal W., 45 AD3d 1213, 1215 [2007], lv denied 10 NY3d 703 [2008]). After reviewing the contentions advanced by counsel for respondent, as well as those raised by respondent in a pro se supplemental brief, we are unpersuaded that the exception to the mootness doctrine is applicable (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).[1] Thus, the appeal is dismissed.

McCarthy, J.P., Garry, Clark and Mulvey, JJ., concur.

---

[1] Respondent obtained the permission of this Court to submit a pro se supplemental brief and prepared one with the assistance of his father. Regardless of the advisability of the father providing that assistance, we do not agree with petitioner that it was unlawful for a custodial parent to assist an infant party in this manner or that the pro se supplemental brief should be disregarded (see CPLR 321 [a]; 1201; Family Ct Act § 165).

ORDERED that the appeal is dismissed, as moot, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court