Matter of Carmine GG. (Christopher HH.) (2019 NY Slip Op 05360)





Matter of Carmine GG. (Christopher HH.)


2019 NY Slip Op 05360


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

526986

[*1]In the Matter of CARMINE GG., Alleged to be a Neglected Child. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTOPHER HH., Appellant.

Calendar Date: June 6, 2019

Before: Garry, P.J., Egan Jr., Clark, Devine and Pritzker, JJ.


Jonathan Lloyd Becker, Cooperstown, for appellant.
Delaware County Department of Social Services, Delhi (Amy Merklen of counsel), for respondent.
Larisa Obolensky, Delhi, attorney for the child.



MEMORANDUM AND ORDER
Clark, J.
Appeals (1) from an order of the Family Court of Delaware County (Northrup Jr., J.), entered April 25, 2018, which, in a proceeding pursuant to Family Ct Act article 10, issued a temporary order directing respondent to comply with certain conditions, and (2) from an order of said court, entered May 14, 2018, which denied respondent's motion to vacate.
Respondent is the putative father of a son (born in 2013). Pursuant to a 2018 order entered in a Family Ct Act article 6 proceeding, the child's maternal aunt and uncle had sole legal and residential custody of the child, and respondent had a minimum of four hours of weekly supervised parenting time. The 2018 order also provided that respondent could have unsupervised parenting time with the child at any time that he, the aunt, the uncle and the child's mother could agree.
In April 2018, after the uncle indicated to one of petitioner's caseworkers that he wanted to enlist in the United States Army or the Army National Guard and that he and the aunt no longer wished to have custody of the child, petitioner commenced this neglect proceeding against respondent. Petitioner also commenced separate neglect proceedings against the mother, the aunt and the uncle and made an application to remove the child from the care of the aunt and the uncle (see Family Ct Act § 1027). At the scheduled Family Ct Act § 1027 hearing, petitioner withdrew the neglect petitions against the uncle and the aunt, as well as its application to remove the child from their care. Petitioner, however, requested that Family Court issue a temporary order imposing certain conditions upon respondent. Over respondent's objection, Family Court granted petitioner's request and issued a temporary order, entered in April 2018, requiring respondent to [*2]submit to random urine, breath and other tests upon petitioner's request, engage in parent education services, meet with petitioner upon request, submit to one or more alcohol and drug evaluations and "meaningfully engage and participate" in any recommended treatment plan "until discharged for successful completion."
Respondent thereafter moved, pursuant to Family Ct Act § 1061, to vacate the temporary order, arguing that Family Court lacked the authority to issue a temporary order imposing "pre-disposition supervision [up]on [him] without his consent and without a hearing." Family Court denied the motion by order entered in May 2018. Respondent appeals from the temporary order and the order denying his motion to vacate, solely challenging Family Court's authority to issue the temporary order.
In July 2018, upon respondent's motion, Family Court dismissed the neglect petition against respondent for failure to state a claim. As respondent recognizes, dismissal of the underlying neglect proceeding would ordinarily render moot his appeals from the temporary order and the order denying his motion to vacate the temporary order (see generally Matter of Gaige F. [Carolyn F.], 144 AD3d 1575, 1575-1576 [2016]; Matter of Nicholas SS., 143 AD3d 1208, 1209 [2016]; Matter of Nicholas B., 26 AD3d 764, 764 [2006]). However, under the circumstances of this case, we find that respondent's appeals, directed at the scope of and the court's authority to issue Family Ct Act § 1029 orders, raise a substantial and novel issue that is likely to recur, yet evade review, and that, therefore, the exception to the mootness doctrine applies (see Matter of Brianna L. [Marie A.], 103 AD3d 181, 185-186 [2012]; Matter of Crystal AA., 271 AD2d 771, 771 [2000], lv dismissed 95 NY2d 903 [2000]).
Turning to the merits, we agree with Family Court that it had the authority to issue, upon good cause shown, a temporary order of protection imposing upon respondent any "reasonable conditions of behavior" that were "necessary to further the purposes of protection" (Family Ct Act § 1056 [1] [i]; see Family Ct Act § 1029 [a])[FN1]. However, under the circumstances of this case, the record does not support Family Court's conclusion that the conditions imposed upon respondent were necessary to further the purposes of protecting the child. At the time that the neglect proceeding was commenced against him and when Family Court entered the temporary order, respondent did not have legal or physical custody of the child; he only had limited parenting time with the child. Yet, the conditions imposed in the temporary order bore no connection to respondent's parenting time with the child (see Family Ct Act §§ 1029 [a]; 1056 [1] [i]; Matter of Naricia Y., 61 AD3d 1048, 1049 [2009]). For example, the temporary order generally required respondent to submit to random urine, breath or other tests upon petitioner's request, rather than requiring that such test occur prior to respondent's parenting time. The conditions were broad and designed to compel respondent to address his alleged alcohol and substance abuse issues. Family Court adopted petitioner's proposed conditions without an adequate connection to or explanation as to how each of the conditions related to the protection of the child. Accordingly, we agree with respondent that the temporary order was improper and that Family Court should have granted respondent's motion to vacate.
Garry, P.J., Egan Jr., Devine and Pritzker, JJ., concur.
ORDERED that the orders are reversed, on the law, without costs, and motion to vacate granted.



Footnotes

Footnote 1: Interestingly, the temporary order did not reference Family Ct Act § 1029 or Family Ct Act § 1056 or otherwise indicate that it was a temporary order of protection. However, Family Court clarified, in its order denying respondent's motion to vacate, that it was a temporary order of protection.