Matter of Marcus TT. (Markus TT.) (2020 NY Slip Op 06984)





Matter of Marcus TT. (Markus TT.)


2020 NY Slip Op 06984


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

527082 527085

[*1]In the Matter of Marcus TT. and Others, Alleged to be Neglected Children. Schenectady County Department of Social Services, Respondent; Markus TT., Appellant. (Proceeding No. 1.)
In the Matter of Marcus TT. and Others, Alleged to be Neglected Children. Schenectady County Department of Social Services, Respondent; Teressa UU., Appellant. (Proceeding No. 2.)

Calendar Date: October 20, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Karen R. Crandall, Schenectady, for Markus TT., appellant.
Alexandra G. Verrigni, Rexford, for Teressa UU., appellant.
Christopher Gardner, County Attorney, Schenectady (Samantha H. Miller of counsel), for respondent.
Veronica Reed, Schenectady, attorney for the children.



Clark, J.
Appeals from two orders of the Family Court of Schenectady County (Blanchfield, J.), entered June 18, 2018, which, in two proceedings pursuant to Family Ct Act article 10, issued orders of protection.
Respondent Markus TT. (hereinafter the father) and respondent Teressa UU. (hereinafter the mother) are the parents of the subject children (born in 2009, 2010, 2011, 2014 and 2015). In March 2018, petitioner filed separate neglect petitions against the father and the mother, alleging medical and educational neglect as to certain of the children and derivative neglect as to the others. Family Court subsequently issued temporary orders of protection — one against the mother and one against the father — requiring that the parents, among other things, allow petitioner to "see the children . . . and the home at reasonable times and for reasonable durations." After accessing the parents' home, petitioner withdrew the neglect petitions. Family Court consequently vacated the temporary orders of protection and dismissed the neglect petitions with prejudice. The father and the mother each appeal from the temporary orders of protection against them, solely challenging the propriety of the condition that allowed petitioner entry into their home.
As the parties recognize, the appeals from the temporary orders of protection have been rendered moot by Family Court's vacatur of the temporary orders of protection and dismissal of the underlying neglect petitions (see Matter of Carmine GG. [Christopher HH.], 174 AD3d 999, 1000 [2019]; see generally Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]). The mother, the father and the attorney for the children nevertheless urge this Court to invoke the exception to the mootness doctrine to address whether the condition allowing petitioner access to the family home was proper, given that the underlying neglect petitions solely alleged medical and educational neglect and did not include any indication that the home was unsafe, unsanitary or otherwise deficient. They maintain that this issue is substantial, novel and likely to recur, yet evade review, so as to warrant invocation of the mootness exception (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 811 [2003], cert denied 540 US 1017 [2003]; Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). However, in July 2019, after Family Court issued the challenged temporary orders of protection, this Court addressed a comparable issue in Matter of Carmine GG. (Christopher HH.) (174 AD3d at 1000-1001). In that case, this Court made clear that, when issuing temporary orders of protection pursuant to Family Ct Act §§ 1029 (a) and 1056 (1) (i), Family Court cannot impose conditions that lack an adequate or demonstrable connection to the protection of the child(ren) (see Matter of Carmine GG. [Christopher HH.], 174 AD3d at 1000-1001). Given this recent decision, the issue presented in these appeals is not novel, nor has it evaded review. We therefore decline to invoke the exception to the mootness doctrine,[FN1] and we dismiss the appeals as moot.
Garry, P.J., Lynch, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeals are dismissed, as moot, without costs.



Footnotes

Footnote 1: Were we to apply the exception, we would find that, in these circumstances, the condition allowing access to the parents' home lacked the requisite connection for the protection of the children (see Matter of Carmine GG. [Christopher HH.], 174 AD3d at 1000-1001).