Matter of Alvin H. (2022 NY Slip Op 03660)

Matter of Alvin H.

2022 NY Slip Op 03660

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.

535 CAF 21-01146

[*1]IN THE MATTER OF ALVIN H., RESPONDENT-APPELLANT. ONONDAGA COUNTY ATTORNEY, PETITIONER-RESPONDENT. 

BELLETIER LAW OFFICE, SYRACUSE (ANTHONY BELLETIER OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (SARA E. LOWENGARD OF COUNSEL), FOR PETITIONER-RESPONDENT.

 Appeal from an order of the Family Court, Onondaga County (Julie A. Cecile, J.), entered July 23, 2021 in a proceeding pursuant to Family Court Act article 3. The order, inter alia, adjudicated respondent a juvenile delinquent. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: On appeal from an order that adjudicated him to be a juvenile delinquent and placed him in the custody of the Onondaga County Department of Children and Family Services for a period of one year, respondent contends only that Family Court erred by conducting an inadequate dispositional hearing. We dismiss the appeal as moot inasmuch as the period of placement has expired (see Matter of Sysamouth D., 98 AD3d 1314, 1314 [4th Dept 2012]; Matter of Kale F., 269 AD2d 832, 832-833 [4th Dept 2000]) and, to the extent that the order on appeal has been superceded by a subsequent order extending respondent's placement, there is no appeal therefrom now before us (see Matter of Joseph YY., 306 AD2d 584, 585 [3d Dept 2003]; Matter of Joseph M., 306 AD2d 612, 612 [3d Dept 2003]; Matter of Byron A., 112 AD2d 30, 30 [4th Dept 1985]). We conclude that the exception to the mootness doctrine does not apply here (see Sysamouth D., 98 AD3d at 1314; Kale F., 269 AD2d at 832-833; cf. Matter of Dante P., 81 AD3d 1267, 1268 [4th Dept 2011]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court