Matter of Adonis I. (Steve I.) (2023 NY Slip Op 06576)

Matter of Adonis I. (Steve I.)

2023 NY Slip Op 06576

Decided on December 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 21, 2023

536124
[*1]In the Matter of Adonis I. et al., Alleged to be Neglected Children. Schenectady County Department of Social Services, Respondent; Steve I., Appellant.

Calendar Date:November 13, 2023

Before:Lynch, J.P., Clark, Ceresia, Fisher and Mackey, JJ.

Karen R. Crandall, Schenectady, for appellant.
Christopher H. Gardner, County Attorney, Schenectady (Christine D. McClellan of counsel), for respondent.
Mitchell S. Kessler, Cohoes, attorney for the children.

Mackey, J.
Appeal from an order of the Family Court of Schenectady County (Jill S. Polk, J.), entered August 8, 2022, which, in a proceeding pursuant to Family Ct Act article 10, granted a temporary order of supervision.
Respondent (hereinafter the father) is the father of three children (born in 2020, 2021 and 2021) and a person legally responsible for another three children (born in 2014, 2016 and 2018). In March 2022, petitioner commenced an abuse/neglect proceeding against the father alleging that he had perpetrated acts of sexual abuse against the eldest child, failed to maintain a safe and sanitary home for the children, and engaged in acts of destruction and domestic violence in the home. At the father's initial appearance on the petition, Family Court issued a temporary order of supervision barring him from having any contact with the four eldest children and permitting only supervised visitation with the two youngest children. The court also directed the father to "maintain a safe, sanitary and stable residence" and, over his objection, permitted petitioner to enter his home "if it [was] determined necessary by [petitioner]" to ensure that it was a suitable location for visitation with the two youngest children.[FN1] The father appeals from this temporary order, solely challenging the propriety of the condition that allowed petitioner entry into his home.
Subsequently, an inquest was held on the underlying petition and, by order dated June 26, 2023, Family Court dismissed the neglect petition as to the two youngest children, thereby vacating the temporary order of supervision as to them.[FN2] Because the provision of the temporary order being contested in this matter was vacated upon the issuance of the court's June 26, 2023 order, we agree with petitioner and the attorney for the children that the father's appeal is moot (see Matter of Marcus TT. [Markus TT.], 188 AD3d 1461, 1462 [3d Dept 2020]; Matter of Anthony TT., 61 AD3d 1137, 1138 [3d Dept 2009], lv denied 12 NY3d 715 [2009]). We do not find the exception to the mootness doctrine to be applicable (see Matter of Marcus TT. [Markus TT.], 188 AD3d at 1463; Matter of Elizabeth LL. [Thomas OO.], 174 AD3d 1094, 1096 [3d Dept 2019]; Matter of Nicholas SS., 143 AD3d 1208, 1209 [3d Dept 2016]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]).[FN3]
Lynch, J.P., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.

Footnotes

Footnote 1: The temporary order of supervision was reduced to writing and entered by Family Court on August 8, 2022.
Footnote 2: That order also indicates that one of these children (both born in 2021) died in August 2022.
Footnote 3: We note that on July 5, 2023, Family Court made a dispositional determination vacating all temporary orders in this case and issuing orders of protection as to the remaining children found to be neglected in this matter. As of that date, the entirety of the temporary order of supervision at issue has now been vacated.